'Federal Court'

at

'District Court of the United States

for New Hampshire'

2019 AUG -7  P 3: 58

**Request to be heard;**

**Case No.: 1:19-CV00149-JL**

I Daniel Joseph Alain Richard a Citizen of the State of New Hampshire request of this honorable Court to be heard by way of Amicus curie brief or in person.

The case before this court is based on both the Plaintiffs and Defendants arguing over colorable law. The state of New Hampshire (NH) legislature (both Democrat and Republican parties) have exercised powers not delegated to it, by amending by statute the qualifications clause of the State and Federal Constitutions.

The Plaintiffs are citizens of their respective States and are therefore resident aliens of the State of New Hampshire. Defendant number two, the Attorney General's Office of the state of New Hampshire represents the position of the state statutes which are repugnant and contrary to the State and Federal Constitutions.

The will of the people expressed in the State and Federal Constitution's is being ignored by both the Plaintiffs and the Defendants. The Citizens of the State of New Hampshire have consented to the laws of the land, the (State and Federal Constitutions) and not to the tyrannical exercise of undelegated powers by way of colorable law. It is in the vital interest of the Citizens of this State

1

to preserve the constitutional definitions of qualified voters to preserve the integrity of State elections to local, State and Federal offices.

The Constitution for the United States of America cannot be amended by the state of NH legislature alone. That power is delegated and defined in article V in the Federal Constitution.

> "The Congress, whenever two thirds of both houses shall deem it necessary, shall propose amendments to this Constitution, or, on the application of the legislatures of two thirds of the several states, shall call a convention for proposing amendments, which, in either case, shall be valid to all intents and purposes, as part of this Constitution, when ratified by the legislatures of three fourths of the several states, or by conventions in three fourths thereof, as the one or the other mode of ratification may be proposed by the Congress; provided that no amendment which may be made prior to the year one thousand eight hundred and eight shall in any manner affect the first and fourth clauses in the ninth section of the first article; and that no state, without its consent, shall be deprived of its equal suffrage in the Senate."

Nor can the same body-politic amend by statute the definition of qualified voters (inhabitants) in the State Constitution, that power is reserved to people. Part II Form of Government [Part II]; inhabitant defined in Article XXX;

> "**And every person qualified as the constitution provides**, shall be considered an **inhabitant** for the purpose of electing and being elected into any office or place within this State, in that town, parish and plantation where he dwelleth and hath his home."

The State Constitution can only be amended by Part II form of Government Article 100.

"Article 100. [Alternate Methods of Proposing Amendments.] Amendments to this constitution may be proposed by the general court or by a constitutional convention selected as herein provided.

(a) The senate and house of representatives, voting separately, may propose amendments by a three-fifths vote of the entire membership of each house at any session.

(b) The general court, by an affirmative vote of a majority of all members of both houses voting separately, may at any time submit the question "Shall there be a convention to amend or revise the constitution?" to the qualified voters of the state. If the question of holding a convention is not submitted to the people at some time during any period of ten years, it shall be submitted by the secretary of state at the general election in the tenth year following the last submission. If a majority of the qualified voters voting on the question of holding a convention approves it, delegates shall be chosen at the next regular general election, or at such earlier time as the legislature may provide, in the same manner and proportion as the representatives to the general court are chosen. The delegates so chosen shall convene at such time as the legislature may direct and may recess from time to time and make such rules for the conduct of their convention as they may determine.

(c) The constitutional convention may propose amendments by a three fifths vote of the entire membership of the convention.

Each constitutional amendment proposed by the general court or by a constitutional convention shall be submitted to the voters by written ballot at the next biennial November election and shall become a part of the Constitution only after approval by two

thirds of the qualified voters present and voting on the subject in the towns, wards, and unincorporated places.

Voter qualifications for electing and being elected for Federal offices are defined in the State Constitution in Part I Bill of Rights; Article 11,12, 28;

Article XI. "All elections ought to be free, and **every inhabitant of the State having the proper qualifications**, has equal right to elect, and be elected into office."

Article XII. "Every member of the community has a right to **be protected by it in the enjoyment of his life, liberty and property; he is therefore bound to contribute his share in the expense of such protection,** and to yield his personal service when necessary, or an equivalent. But no part of a man's property shall be taken from him, or applied to public uses, **without his own consent**, or that of **the representative body of the people. Nor are the inhabitants of this State controllable by any other laws than those to which they, or their representative body (voters' "inhabitants") have given their consent.**

The contribution to his fair share to the expense of such protection of his life, liberty, and property comes by way of Article XVIII. The inhabitant agrees to the taxing clause of Part I Bill of Rights;

Article XVIII [Taxes, by Whom Levied.] No subsidy, charge, tax, impost, or duty, shall be established, fixed, laid, or levied, under any pretext whatsoever, **without the consent of the people, or their Representatives in the Legislature, or authority derived from that body.** June 2, 1784

And Part II Form of Government (Part II);

4

Article XIII [Qualifications of Electors.] (Repealed in 1976 with no disclosure or consent of the voters')

"All persons qualified to vote in the election of senators shall be entitled to vote within the town, district, parish, or place where they dwell, in the choice of representatives. June 2, 1784."

Article XXVIII [Senators, How and by Whom Chosen; Right of Suffrage.] (Repealed) with no disclosure in the voters' guide and therefore no consent of the people.

Article XXIV [Qualifications of Senators.] Provided nevertheless, that no person shall be capable of being elected a senator, who is not of the age of thirty years, and who shall not have been an inhabitant of this state for seven years immediately preceding his election, and at the time thereof he shall be an inhabitant of the district for which he shall be chosen. Should such person, after election, cease to be an inhabitant of the district for which he was chosen, he shall be disqualified to hold said position and a vacancy shall be declared therein. June 2, 1784

Article XXX [Inhabitant defined] (amended by the constructive fraud of question 8 of the 1976 voter's guide) See Gerber v. King, 107 NH 495. (1967), CONCRETE, INC. v. RHEAUME BUILDERS 101 N.H. 59 (1957), Penrod v. Crowley, 82 Idaho 511),

"And every person qualified **as the constitution provides**, shall be considered an **inhabitant** for the purpose of **electing and being elected** into any office or place within this **State**, in that town, parish and plantation where he dwelleth and hath his home."

Was replaced with the foregoing with no disclosure in the voters' guide and therefore no consent of the people.

5

"And every person, qualified as the constitution provides, shall be considered an **inhabitant** for the purpose of being elected into any office or place within this **state**, in the town, or ward, where he is **domiciled**."

Amended 1958 substituting "ward" for "parish, and plantation."

Amended 1976 twice deleting reference to electing and substituting "is domiciled" for "dwelleth and hath his home.

Article XXXI [Inhabitants of Unincorporated Places; Their Rights, etc.] (Repealed) with no disclosure in the voters' guide and therefore no consent of the people

" And the inhabitants of plantations and places unincorporated, qualified as this constitution provides, who are or shall be required to assess taxes upon themselves towards the support of government, or shall be taxed therefor, shall have the same privilege of voting for senators in the plantations and places wherein they reside, as the inhabitants of the respective towns and parishes aforesaid have. And the meetings of such plantations and places for that purpose, shall be holden annually in the month of March, at such places respectively therein, as the assessors thereof shall direct : Which assessors shall have like authority for notifying the electors, collecting and returning the votes, as the selectmen and town-clerks have in their several towns by this constitution."

June 2, 1784

The State Constitution took effect on June 2, 1784 and the Constitution for the United States of America on March 4, 1789 are in harmony.

The Constitution for the United States of America qualification clauses in Article I Section. 2.;

"The House of Representatives shall be composed of members chosen every second year by **the people of the several states**, and the **electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state legislature**."

"No person shall be a Representative who shall not have attained to the age of twenty five years, and been seven years a Citizen of the United States, and who shall not, when elected, be an inhabitant of that state in which he shall be chosen."

Article II section I and the XII amendment; Qualification for the electors (the electoral college) for the office of the President and Vice President must be Citizens of their State and qualified Inhabitants.

Amendment XVII

"The Senate of the United States shall be composed of two Senators from each state, **elected by the people thereof**, for six years; and each Senator shall have one vote. The **electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state legislatures**."

The Federal qualification clauses have never been amended. A voter must be a Citizen of their State and a qualified inhabitant.

The State of New Hampshire enacted [Chapter 49.] into law in 1808 pursuant the State and Federal Constitutions; State of | New Hampshire. \ An Act to determin who shall be legal Voters in town meetings, and to secure to the inhabitants of this State their rights of suffrage. This law goes to original intent. Resident aliens could not vote in New Hampshire until 1973.

Section 1. Be it enacted by the Senate and House of Representatives in General Court convened. That every male **inhabitant** of each town and parish with town privileges, and places unincorporated in this State, **(being a natural born or naturalized citizen of the United States)** of twenty-one years of age and upwards, excepting paupers and persons excused from paying taxes at their own request, shall have a right, at the annual and other meetings of the **inhabitants** of said towns and parishes, to vote in the town or parish wherein **he dwells and hath his home;** — provided however, **That no person shall be considered an inhabitant in any town or parish in this State for the purpose of voting**, unless he has resided in such place six months, or has become a free-holder.

Sec. 2. And be it further enacted, That no person, not being a **citizen of this State or of the United States, shall be entitled to vote** at any town meeting for the choice of State, County or town officers, **unless he shall have resided within this State two years and shall have made oath before some Justice of the Peace, or other person authorized to administer oaths — That he will bear faith and true allegiance to the State of New Hampshire, and to the United States, and will support the Constitutions thereof. Provided however, That no person, not a citizen of this State or of the United States, shall be considered qualified to fill any County or State office.**

An Act to determine who shall be legal Voters in town meetings, and to secure to the inhabitants of this State their rights of suffrage. Approved December 21, 1808 [chapter 49] was the law of the land until 1973. N.H. HB 363 amended [chapter 54] and removed the descriptive language that only a Citizen of the State of New Hampshire could vote in our elections, thus allowing resident aliens (United States citizens) the right to vote in New Hampshire elections.

HB 363 was proposed for a nonexistent problem. Rep Sanborn's language in the bill is a series of mis-statements or fraud. "some 8 or 10 years ago in N.H. law," is false. The public policy was 165 years old in 1973 and the removal of the definition of "being a" and "native or naturalized" abolishes State Citizenship requirement and definition of the power of Sovereign State to naturalize Resident Aliens unto its self. This denies the State of New Hampshire the highest exercise of the Sovereign power of a State to choose who are its Citizens.

Rep. Sanborn's claims that his children were born in foreign country has no bearing on the proposed removable of descriptive language. The 1790 "An act to establish a uniform Rule of Naturalization" (March 26, 1790).

> "And the children of citizens of the United States that may be born beyond Sea, or out of the limits of the United States, shall be considered as natural born citizens:"

Rep. Sanborn confesses that "This does nothing to their voting rights except that it is a technicality and the law needs to be corrected to include the rights of a voter born outside this country of American parents."

If existing public policy does nothing to their voting rights why is such an amendment being proposed when the federal law governs the issue and the remedy. Why did Rep. Sanborn propose a solution for a nonexistent problem?

Sen. Johnson: "This merely establishes the right to a child born overseas of American parents to vote?" Rep. Sanborn: "That is correct. I am sure that if we're challenged the federal law would find the error in New Hampshire law."

HB 363 is void for lack of jurisdiction. The General Court cannot amend the Constitution of New Hampshire in direct violation of Article C (100) and surrender the Sovereignty of the State

to decide for itself who are its citizens. The stated purpose of the amendment was to confer voting privileges of foreign-born children of American parents. Children born of Citizens of New Hampshire living outside of this country are automatically considered natural born citizens of New Hampshire under federal naturalization law. The amendment cannot achieve its stated goal as the remedy is in federal jurisdiction and there is no disenfranchisement of any voting rights.

The stated purpose and the consequence of the redaction of the original descriptive text allows resident aliens, citizens of the United States, by definition "citizens of any of the 49 other states and federal territory" to move to our State and vote in our election without the requirement that they be naturalized to the State and become a Citizen of the State of New Hampshire to be eligible to vote in this State. Such was the law since 1808, until these foregoing changes were made to our Constitutions.

The next unconstitutional Act was the November 2, 1976 voters' guide question 8 submitted to the voters, Five questions with only one yes or no choice. Voters' Guide language presented to the voters' wording that was misleading and inappropriately combined into a single ballot question thus disallowed those examining the questions the opportunity to answer each question independently.

It admits that the 1st portion of the question is already law. So why is it there? If inhabitant is already interpreted to mean a person's "domicile", why is it there and with 4 other questions? The word domicile does not exist in the Constitution until this amendment is passed. This is fraud and conspiracy to commit fraud. See Gerber vs King 107 N.H. 495 (1967), CONCRETE, INC. v. RHEAUME BUILDERS 101 N.H. 59 (1957), Penrod v. Crowley, 82 Idaho 511),

Article 11 Part I was not in the voters' guide. Article 13 Part II was not in the voters' guide and was repealed with no consent. This also repealed an article referencing the word dwell.

Article 28 Part II was not in the voter's guide and was repealed with no consent. This also repealed an article referencing the word dwell. Article 30 Part II was not in the voters' guide and neither was twice deleting reference to electing. Also, is substituting "is domiciled" for "dwelleth and hath his home" is misleading. This is an attempt to redefine the definition of dwelleth and hath his home to the word domicile to change the legal definition of where one lives. Also, Article 31 Part II was not in the voter's guide and was repealed with no consent.

NH RSA 663:3 Form of Ballot: A constitutional question shall include, in the text of the question, the text of the article of the constitution as it is proposed to be amended. See Gerber vs King 107 N.H. 495 (1967), CONCRETE, INC. v. RHEAUME BUILDERS 101 N.H. 59 (1957), Penrod v. Crowley, 82 Idaho 511), and

The Plaintiffs are Citizens of their respective States by there births or naturalization to that State and therefore resident aliens to New Hampshire. The Federal Constitution under Article IV section 2 grants them the right to ingress and regress, the right to trade and commerce. The privileges and immunities clause do not provide any jurisdiction to the federal government to grant resident aliens (Citizens of the United States) citizenship to the Sovereign State of New Hampshire.

The powers of the Federal government are few and well defined in Article 1 section 8.

        Clause 4; "To establish a uniform rule of naturalization,"

This delegated power is only for naturalizing Foreign nationals' (non-American citizens) to become a citizen of the United States of America, an American citizen of one of the Sovereign

States where they have met the residency requirement as a lawful permanent resident alien's (green card holder) and apply to the common law court of record where they wish to become a citizen of that state.

## Amendment X

"The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."

As the power is not delegated to federal government it is retained to the States. The Sovereign States retain the right to determine who are its citizens.

The Office of the Attorney General represents colorable law enacted by the NH legislature which has no jurisdiction to enact statutes to amend the State and Federal Constitutions.

NH RSA 21:6 and 21:6a which are statutes which amend the qualification clauses of the State and the Federal Constitutions by co-mingling the definitions of Inhabitant, resident to mean the same thing. The word resident only appears in the State Constitution one-time in Part II Article 5, in contradistinction to Inhabitant. Resident does not appear in Part I Bill of Rights and therefore does not confer rights of a Citizen of the State of New Hampshire. A resident alien cannot be conferred by statute the same legal status to vote as a Citizen of the State of New Hampshire.

For justice to prevail, the will of the people expressed in our Constitutions must be heard as it seems that both the Plaintiffs and Defendants seem to have misinterpreted the powers delegated by the laws of the land. Only the powers delegated by the people in our Constitutions and written pursuant thereof may become statutes to which they are bound.

I, Daniel Joseph Alain Richard who dwelleth and hath my home, in the town of Auburn at 95 Rockingham Rd. in Rockingham County, swear that all the information provided above to be true and correct.

Executed the 7th day of the August month, Two Thousand, Nineteen

*[signature]* cell 603-315-5755

Notary Public Acknowledgement

State of New Hampshire, Hillsborough County, ss:

This Declaration was acknowledged before me on this 7th day of August 2019 by, Daniel Richard, who, being first duly sworn on oath according to law, deposes and says that he has read the foregoing Declaration subscribing him and that the matters stated herein are true to the best of his information, knowledge and belief.

*[signature]*
Notary Public

My commission expires

Courtney Ivanovitch
Notary Public, State of New Hampshire
My Commission Expires Oct. 07, 2020