# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

```
*************************************
CAROLINE CASEY, et al.,              *
                                     *
            Plaintiffs,              *
      v.                             *
                                     *
WILLIAM M. GARDNER, Secretary of     *
State of the State of New Hampshire, *
in his official capacity, et al.,    *
                                     *
            Defendants.              *
                                     *
*************************************     Case No. 19-cv-00149-JL
NEW HAMPSHIRE DEMOCRATIC,            *     (Consolidated Cases)
PARTY, By Raymond Buckley, Chair,    *
                                     *
            Plaintiff,               *
      v.                             *
                                     *
WILLIAM M. GARDNER, in his official  *
Capacity as New Hampshire Secretary of *
State, et al.,                       *
                                     *
            Defendants.              *
                                     *
*************************************
```

## GORDON J. MACDONALD'S ANSWER TO
## NEW HAMPSHIRE DEMOCRATIC PARTY'S COMPLAINT

Defendant Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General ("Attorney General"), by and through his counsel, the Office of the Attorney General, answers and responds to the Complaint filed by the New Hampshire Democratic Party ("NHDP") (ECF Doc. No. 1 in Case No. 19-cv-00201-SM, consolidated with Case No. 19-cv-00149-JL on May 1, 2019).

The "Introduction" section of the Complaint purports to set forth legal argument and legal conclusions and the NHDP's characterizations of its claims, to which no response is required.  To the extent a response is required, the Attorney General denies the allegations in the "Introduction" section.

1.     This numbered paragraph consists of three separate unnumbered paragraphs.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the first two unnumbered paragraphs and the first, second, and third sentences of the third unnumbered paragraph.  The remaining allegations in the third unnumbered paragraph are denied.

2.     The Attorney General admits the allegations set forth in the first and second sentences of this paragraph.  The allegations set forth in the third sentence consistent of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the third sentence are denied.

3.     The Attorney General admits the allegations set forth in the first, second, third, and fourth sentences of this paragraph.  The allegations set forth in the fifth sentence consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in the fifth sentence are denied.

4.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Attorney General admits that the NHDP asserts claims under the First, Fourteenth, Twenty-Fourth, and Twenty-Sixth Amendments, but denies that the NHDP is entitled to relief under any of those amendments.  The Attorney General admits that this this court has federal-question jurisdiction over this action

based on the claims asserted in the NHDP's complaint, but denies that this court otherwise has subject-matter jurisdiction over the NHDP's claims.

5.    The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Attorney General denies that the NHDP is entitled to declaratory relief or any other relief in this case.

6.    The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Attorney General admits that venue in the District of New Hampshire is appropriate based on the allegations in the NHDP's complaint.

7.    The Attorney General admits that the NHDP has accurately quoted the version of RSA 21:6 in effect prior to July 1, 2019.  The NHDP's characterization of that statute in this paragraph is a legal conclusion to which no response is required.  To the extent a response is deemed required, that characterization is denied.

8.    The Attorney General admits that the NHDP has accurately quoted RSA 654:1, I in the first sentence of this paragraph.  The NHDP's characterization of that statute is a legal conclusion to which no response is required.  To the extent a response is deemed required, that characterization is denied.  The allegations in the remaining sentences of this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, those allegations are denied.

9.    Denied

10.    The allegation set forth in the second sentence of this paragraph is admitted.  The remaining allegations are denied.

11.    The allegations set forth in the first four sentences of this paragraph are denied. The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence of this paragraph.  No response to footnote 2 is necessary, as that footnote only contains citations to sources, which speak for themselves.  To the extent footnote 2 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

12.    Denied.

13.    The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14.    The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15.    The Attorney General admits that the New Hampshire Supreme Court issued an advisory opinion with respect to HB 1264 on July 12, 2018.  That opinion speaks for itself.  The Attorney General also admits that that the Governor signed HB 1264 into law on July 13, 2018. The Attorney General is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16.    The allegations set forth in the first three sentences of this paragraph are denied. The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegation in the fourth sentence of this paragraph.  The Attorney General denies the legal characterization in footnote 3.  The Attorney General is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in footnote 3.

17.    The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph.  With respect

to the third and fourth sentences in this paragraph, the Attorney General admits only that the NHDP has quoted language contained in the articles cited in footnotes 4 and 5.  The Attorney General is without knowledge or information sufficient to form a belief about the accuracy of any statements of fact made in those article.  To the extent this paragraph or footnote 4 or 5 can otherwise be construed to contain allegations of fact, those allegations are denied.

18.     The allegations in the first two sentences of this paragraph are denied.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of this paragraph.  No response to footnotes 6 and 7 is necessary, as those footnotes only contain citations to sources, which speak for themselves.  To the extent footnotes 6 and 7 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

19.     The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  No response to footnote 8 is necessary, as that footnote contains a citation to a source, which speaks for itself.  To the extent footnote 8 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

20.     The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  No response to footnote 9 is necessary, as that footnote contains a citation to a source, which speaks for itself.  To the extent footnote 9 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

21.     The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  No response to footnote 10 is

necessary, as that footnote only contains a citation to a source, which speaks for itself.  To the extent footnote 10 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

22.     The allegations in this paragraph are denied.  The *Newburger* decision speaks for itself.

23.     The allegation in first sentence of this paragraph is denied.  The remainder of this paragraph is admitted only to the extent that the NHDP has accurately quoted the article cited in footnote 12.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of any other allegations in this paragraph or any statements of fact in the article cited in footnote 12.  No additional response to footnote 12 is necessary, as that footnote only contains a citation to a source, which speaks for itself.  To the extent footnote 12 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

24.      The first sentence of this paragraph is admitted only to the extent that it accurately quotes the *Guare* decision.  The allegations in that sentence are otherwise denied. The allegations in the second sentence of this paragraph are denied.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the third or fourth sentences of this paragraph.  No additional response to footnote 13 is necessary, as that footnote only contains a citation to a source, which speaks for itself.  To the extent footnote 13 can be construed to contain factual allegations to which a response is required, any such allegations are denied.  No response to the allegations in the fifth sentence of this paragraph is necessary, as the *Guare* decision speaks for itself.  To the extent this sentence can be construed to contain allegations to which a response is required, those allegations are denied.

Footnote 14 is admitted only to the extent that it accurately quotes the *Guare* decision.  It is otherwise denied.

25.     The first sentence of this paragraph is admitted only insofar as it accurately quotes HB 112.  It is otherwise denied.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.  No response to the third sentence is necessary, as the *Opinion of the Justices* speaks for itself.  To the extent this sentence can be construed to contain allegations to which a response is required, those allegations are denied.

26.     The first sentence of this paragraph is denied.  No response to footnote 15 is necessary, as that footnote only contains a citation to a source, which speaks for itself.  To the extent footnote 15 can be construed to contain factual allegations to which a response is required, any such allegations are denied.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.  The third sentence of this paragraph is denied.

27.     The Attorney General admits that SB 3 was enacted in 2017 and is currently in litigation.  The remainder of the allegations in the first, second, and fourth sentences of this paragraph are denied.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of this paragraph.  No response to footnotes 16 or 17 are necessary, as those footnotes only contain citations to sources, which speak for themselves.  To the extent footnotes 16 or 17 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

28.     The first, third, eighth, and ninth sentences of this paragraph are denied.  No response to the second or fourth sentence is necessary, as the *Newburger* decision speaks for

itself.  To the extent the second or fourth sentence can be construed to contain factual allegations to which a response is necessary, any such allegations are denied.  The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in the fifth, sixth, or seventh sentences.

29.     The first sentence of this paragraph is denied.  The second sentence consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, that sentence is denied.

30.     The Attorney General is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31.     The Attorney General admits that the University of New Hampshire is located in Durham.  The Attorney General is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32.     The Attorney General admits that Dartmouth College is located in Hanover.  The Attorney General is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33.     Denied.

34.     The Attorney General repeats and realleges, as though fully set forth herein, the answers set forth in all prior paragraphs.

35.     The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, those allegations are denied.

36.     Denied.

37.      The allegations set forth in the body of this paragraph are denied.  The allegations set forth in footnote 18 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, those allegations are denied.

38.      Denied.

39.      Denied.

40.      The Attorney General repeats and realleges, as though fully set forth herein, the answers set forth in all prior paragraphs.

41.      The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the Attorney General admits that the NHDP has accurately quoted excerpts from the Twenty-Sixth Amendment and *Worden v. Mercer County Board of Elections*, 61 N.J. 325 (1972), but otherwise denies the allegations in this paragraph.

42.      The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

43.      Denied.

44.      Denied.

45.      The Attorney General repeats and realleges, as though fully set forth herein, the answers set forth in all prior paragraphs.

46.      The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed required, the Attorney General admits that the NHDP has accurately quoted *Harman v. Forssenius*, 380 U.S. 528, 540–41 (1965), but otherwise denies the allegations in this paragraph.

47.      Denied.

48.     Denied.

49.     Denied.

### ANSWER TO REQUEST FOR RELIEF

The Attorney General denies that the NHDP is entitled to any of the relief requested on page 21 of its Complaint under the heading "Relief Requested."  The NHDP's request for relief should be denied in its entirety, and the Complaint should be dismissed.

### AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to NHDP's claims, the Attorney General does not concede that the assertion of such defenses imposes any burden of proof on the Attorney General with respect thereto.

### FIRST AFFIRMATIVE DEFENSE

The NHDP's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Attorney General has not violated any constitutional, federal, state, statutory, or common-law right possessed by the NHDP.  The Attorney General has not violated the NHDP's rights under the First, Fourteenth, Twenty-Fourth, or Twenty-Sixth Amendments to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

The NHDP lacks standing to bring forth the claims alleged in its complaint.

### RESERVATION OF RIGHTS

The Attorney General presently has insufficient knowledge or information upon which to form a belief as to whether he may have available other, as yet unstated, defenses or affirmative defenses.  Therefore, the Attorney General reserves the right to assert any additional defenses or

affirmative defenses that discovery indicates may be appropriate.  The Attorney General reserves

the right to amend or to seek to amend his answer and/or affirmative defenses.

Respectfully submitted,

GORDON J. MACDONALD, in his official
capacity as New Hampshire Attorney General

By his attorney,

Gordon J. MacDonald
Attorney General

Date: August 9, 2019                      /s/ Samuel R.V. Garland
                                          Seth M. Zoracki, Bar No. 267887
                                          Assistant Attorney General
                                          Anthony J. Galdieri, Bar No. 18594
                                          Senior Assistant Attorney General
                                          Samuel R.V. Garland, Bar No. 266273
                                          Attorney
                                          33 Capitol Street
                                          Concord, New Hampshire 03301-6397
                                          (603) 271-3650
                                          seth.zoracki@doj.nh.gov
                                          anthony.galdieri@doj.nh.gov
                                          samuel.garland@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2019, a copy of the foregoing was electronically served through CM/ECF on all counsel of record.

/s/ Samuel R.V. Garland