UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
CAROLINE CASEY, et al.,              *
                                     *
            Plaintiffs,              *
    v.                               *
                                     *
WILLIAM M. GARDNER, Secretary of     *
State of the State of New Hampshire, *
in his official capacity, et al.,    *
                                     *
            Defendants.              *
                                     *
************************************     Case No. 19-cv-00149-JL
NEW HAMPSHIRE DEMOCRATIC,            *    (Consolidated Cases)
PARTY, By Raymond Buckley, Chair,    *
                                     *
            Plaintiff,               *
    v.                               *
                                     *
WILLIAM M. GARDNER, in his official  *
Capacity as New Hampshire Secretary of *
State, et al.,                       *
                                     *
            Defendants.              *
                                     *
************************************
```

## WILLIAM GARDNER'S ANSWER TO
## INDIVIDUAL PLAINTIFFS' COMPLAINT

Defendant William Gardner, in his official capacity as New Hampshire Secretary of State ("Secretary of State"), by and through his counsel, the Office of the Attorney General, answers and responds to the Complaint filed by Plaintiffs Caroline Casey and Maggie Flaherty (the "Individual Plaintiffs") (ECF Doc. No. 1).

The "Introduction" section of the Complaint purports to set forth legal argument and legal conclusions and the Individual Plaintiffs' characterizations of their claims, to which no

response is required. To the extent a response is required, the Secretary of State denies the allegations in the "Introduction" section.

1. The Secretary of State admits that Caroline Casey registered to vote in Hanover in the fall of 2017 and that she voted in the primary and general elections in 2018. The Secretary of State is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in the first nine sentences of this paragraph. The allegations set forth in the tenth and eleventh sentences are denied.

2. The Secretary of State admits that Maggie Flaherty registered to vote as undeclared in Hanover in the fall of 2017 and that she voted in the primary and general elections in 2018. The Secretary of State is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in the first eight sentences of this paragraph. The allegations set forth in the ninth and tenth sentences are denied.

3. The Secretary of State admits the allegations set forth in the first and second sentences of this paragraph. The allegations set forth in the third sentence consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in the third sentence are denied.

4. The Secretary of State admits the allegations set forth in the first, second, third, and fourth sentences of this paragraph. The allegations set forth in the fifth sentence consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in the fifth sentence are denied.

5. The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed necessary, the Secretary of State admits that the Individual Plaintiffs assert claims under the First, Fourteenth, Twenty-Fourth, and

Twenty-Sixth Amendments, but denies that the Individual Plaintiffs are entitled to relief under any of those amendments.  The Secretary of State admits that this this court has federal-question jurisdiction over this action based on the claims asserted in the Individual Plaintiffs' complaint, but denies that this court otherwise has subject-matter jurisdiction over the Individual Plaintiffs' claims.

6. The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Secretary of State denies that the Individual Plaintiffs are entitled to declaratory relief or any other relief in this case.

7. The allegations set forth in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Secretary of State admits that venue in the District of New Hampshire is appropriate based on the allegations in the Individual Plaintiffs' complaint.

8. The Secretary of State admits that the Individual Plaintiffs have accurately quoted the version of RSA 21:6 in effect prior to July 1, 2019.  The Individual Plaintiffs' characterization of that statute in this paragraph is a legal conclusion to which no response is required.  To the extent a response is deemed required, that characterization is denied.

9. The Secretary of State admits that the Individual Plaintiffs have accurately quoted from RSA 654:1, I in the first sentence of this paragraph.  The Individual Plaintiffs' characterization of that statute is a legal conclusion to which no response is required.  To the extent a response is deemed required, that characterization is denied.  The allegations in the remaining sentences of this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, those allegations are denied.

10. Denied

11. The allegation set forth in the second sentence of this paragraph is admitted. The remaining allegations are denied.

12. The allegations set forth in the first four sentences of this paragraph are denied. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence of this paragraph. No response to footnote 2 is necessary, as that footnote only contains citations to sources, which speak for themselves. To the extent footnote 2 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

13. Denied.

14. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. The Secretary of State admits that the New Hampshire Supreme Court issued an advisory opinion with respect to HB 1264 on July 12, 2018. That opinion speaks for itself. The Secretary of State also admits that that the Governor signed HB 1264 into law on July 13, 2018. The Secretary of State is otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. The Secretary of State admits that he is the chief election officer for the State of New Hampshire. The allegations set forth in the first three sentences of this paragraph are otherwise denied. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegation set forth in the fourth sentence of this paragraph. The Secretary of State denies the legal characterization in footnote 3. The Secretary of State is

otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in footnote 3.

18.     The Secretary of State admits that Deputy Secretary David Scanlan testified before the House Election Law Committee on January 26, 2018.  The Secretary of State further admits that the third and fourth sentences of this paragraph quote language contained in the articles cited in footnotes 4 and 5.  The Secretary of State otherwise denies all allegations in this paragraph, including the Individual Plaintiffs' characterization of Deputy Secretary Scanlan's testimony.  The Secretary of State is without knowledge or information sufficient to form a belief the accuracy of the article quoted in footnote 5.  To the extent this paragraph or footnote 4 or 5 can otherwise be construed to contain allegations of fact, those allegations are denied.

19.     The allegations in the first two sentences of this paragraph are denied.  The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of this paragraph.  No response to footnotes 6 and 7 is necessary, as those footnotes only contain citations to sources, which speak for themselves.  To the extent footnotes 6 and 7 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

20.     The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  No response to footnote 8 is necessary, as that footnote contains a citation to a source, which speaks for itself.  To the extent footnote 8 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

21.     The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  No response to footnote 9 is necessary,

as that footnote contains a citation to a source, which speaks for itself. To the extent footnote 9 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

21. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. No response to footnote 10 is necessary, as that footnote only contains a citation to a source, which speaks for itself. To the extent footnote 10 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

22. The allegations in this paragraph are denied. The *Newburger* decision speaks for itself.

23. The allegation in first sentence of this paragraph is denied. The remainder of this paragraph is admitted only to the extent that the Individual Plaintiffs have accurately quoted the article cited in footnote 12. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of any other allegations in this paragraph or any statements of fact in the article cited in footnote 12. No additional response to footnote 12 is necessary, as that footnote only contains a citation to a source, which speaks for itself. To the extent footnote 12 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

24. The first sentence of this paragraph is admitted only to the extent that it accurately quotes the *Guare* decision. The allegations in that sentence are otherwise denied. The allegations in the second sentence of this paragraph are denied. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in the third or fourth sentences of this paragraph. No additional response to footnote 13 is

necessary, as that footnote only contains a citation to a source, which speaks for itself.  To the extent footnote 13 can be construed to contain factual allegations to which a response is required, any such allegations are denied.  No response to the allegations in the fifth sentence of this paragraph is necessary, as the *Guare* decision speaks for itself.  To the extent this sentence can be construed to contain allegations to which a response is required, those allegations are denied.  Footnote 14 is admitted only to the extent that it accurately quotes the *Guare* decision.  It is otherwise denied.

25. The first sentence of this paragraph is admitted only insofar as it accurately quotes HB 112.  It is otherwise denied.  The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.  No response to the third sentence is necessary, as the *Opinion of the Justices* speaks for itself.  To this sentence can be construed to contain allegations to which a response is required, those allegations are denied.

26. The first sentence of this paragraph is denied.  No response to footnote 15 is necessary, as that footnote only contains a citation to a source, which speaks for itself.  To the extent footnote 15 can be construed to contain factual allegations to which a response is required, any such allegations are denied.  The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.  The third sentence of this paragraph is denied.

27. The Secretary of State admits that SB 3 was enacted in 2017 and is currently in litigation.  The remainder of the allegations in the first, second, and fourth sentences of this paragraph are denied.  The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of this paragraph.  No

response to footnote 16 or 17 is necessary, as those footnotes only contain citations to sources, which speak for themselves. To the extent footnote 16 or 17 can be construed to contain factual allegations to which a response is required, any such allegations are denied.

28. The first, third, eighth, and ninth sentences of this paragraph are denied. No response to the second or fourth sentence is necessary, as the *Newburger* decision speaks for itself. To the extent the second or fourth sentence can be construed to contain factual allegations to which a response is necessary, any such allegations are denied. The Secretary of State is without knowledge or information sufficient to form a belief about the truth of the allegations in the fifth, sixth, or seventh sentences.

29. The first sentence of this paragraph is denied. The second sentence consists of a legal conclusion to which no response is required. To the extent a response is deemed required, that sentence is denied.

30. The first sentence of this paragraph is denied. The second sentence is admitted as to the total number of votes received by Donald Trump and denied as to the total number of votes received by Hillary Clinton. By way of further answer, Hillary Clinton received 348,526 votes in New Hampshire during the 2016 general election. The third sentence is admitted as to the total number of votes received by Chris Sununu and Colin Van Ostern, respectively. The fourth sentence is admitted as to the total number of votes received by Margaret Hassan and Kelly Ayotte, respectively.

31. The Secretary of State admits that the University of New Hampshire is located in Durham and that this paragraph accurately reflects the number of votes the identified candidates received in Durham during the 2016 general election. The allegations in this paragraph are otherwise denied.

32. The Secretary of State admits that Dartmouth College is located in Hanover and that this paragraph accurately reflects the number of votes the identified candidates received in Hanover during the 2016 general election. The allegations in this paragraph are otherwise denied.

33. Denied.

34. The Secretary of State repeats and realleges, as though fully set forth herein, the answers set forth in all prior paragraphs.

35. The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, those allegations are denied.

36. Denied.

37. The allegations set forth in the body of this paragraph are denied. The allegations set forth in footnote 18 consist of legal conclusions to which no response is required. To the extent a response is deemed required, those allegations are denied.

38. Denied.

39. Denied.

40. The Secretary of State repeats and realleges, as though fully set forth herein, the answers set forth in all prior paragraphs.

41. The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, the Secretary of State admits that the Individual Plaintiffs have accurately quoted excerpts from the Twenty-Sixth Amendment and *Worden v. Mercer County Board of Elections*, 61 N.J. 325 (1972), but otherwise denies the allegations in this paragraph.

42. The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

43. Denied.

44. Denied.

45. The Secretary of State repeats and realleges, as though fully set forth herein, the answers set forth in all prior paragraphs.

46. The allegations set forth in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, the Secretary of State admits that the Individual Plaintiffs have accurately quoted *Harman v. Forssenius*, 380 U.S. 528, 540–41 (1965), but otherwise denies the allegations in this paragraph.

47. Denied.

48. Denied.

49. Denied.

## ANSWER TO REQUEST FOR RELIEF

The Secretary of State denies that the Individual Plaintiffs are entitled to any of the relief requested on page 20 of their Complaint under the heading "Relief Requested." The Individual Plaintiffs' request for relief should be denied in its entirety, and the Complaint should be dismissed.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to Individual Plaintiffs' claims, the Secretary of State does not concede that the assertion of such defenses imposes any burden of proof on the Secretary of State with respect thereto.

## FIRST AFFIRMATIVE DEFENSE

The Individual Plaintiffs' complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Secretary of State has not violated any constitutional, federal, state, statutory, or common-law right of either of the Individual Plaintiffs. The Secretary of State has not violated the Individual Plaintiffs' rights under the First, Fourteenth, Twenty-Fourth, or Twenty-Sixth Amendments to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

The Individual Plaintiffs lack standing to bring forth the claims alleged in their complaint.

## FOURTH AFFIRMATIVE DEFENSE

The Individual Plaintiffs' claims against the Secretary of State are barred by the Eleventh Amendment.

## RESERVATION OF RIGHTS

The Secretary of State presently has insufficient knowledge or information upon which to form a belief as to whether he may have available other, as yet unstated, defenses or affirmative defenses. Therefore, the Secretary of State reserves the right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate. The Secretary of State reserves the right to amend or to seek to amend his answer and/or affirmative defenses.

    Respectfully submitted,

    WILLIAM GARDNER, in his official capacity as
    New Hampshire Secretary of State

    By his attorney,

|  |  |
|---|---|
|  | Gordon J. MacDonald<br>Attorney General |
| Date: August 9, 2019 | /s/ Samuel R.V. Garland<br>Seth M. Zoracki, Bar No. 267887<br>Assistant Attorney General<br>Anthony J. Galdieri, Bar No. 18594<br>Senior Assistant Attorney General<br>Samuel R.V. Garland, Bar No. 266273<br>Attorney<br>33 Capitol Street<br>Concord, New Hampshire 03301-6397<br>(603) 271-3650<br>seth.zoracki@doj.nh.gov<br>anthony.galdieri@doj.nh.gov<br>samuel.garland@doj.nh.gov |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 9, 2019, a copy of the foregoing was electronically served through CM/ECF on all counsel of record.

                                                                                /s/ Samuel R.V. Garland