UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **CAROLINE CASEY and MAGGIE FLAHERTY**<br><br>  Plaintiffs,<br><br> v.<br><br>**WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and**<br>**GORDON MACDONALD, in his official capacity as New Hampshire Attorney General**<br><br>  Defendants. | |
| **NEW HAMPSHIRE DEMOCRATIC PARTY, By Raymond Buckley, Chair**<br><br>  Plaintiff,<br><br> v.<br><br>**WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and**<br>**GORDON MACDONALD, in his official capacity as New Hampshire Attorney General**<br><br>  Defendants. | **Consolidated Case No.: 1:19-cv-00149-JL** |

**SECOND JOINT PROPOSED DISCOVERY PLAN**

**DATE/PLACE OF CONFERENCE**:  The parties have conferred through email and telephone in advance of the pretrial conference to be held on August 13, 2019, then subsequently communicated by telephone and letter through August 23, 2019.

**COUNSEL PRESENT/REPRESENTING**:

**Individual Plaintiffs:**

Gilles R. Bissonnette, NH Bar No. 265393
Henry R. Klementowicz, NH Bar No. 21177
American Civil Liberties Union of NH
18 Low Avenue
Concord, NH 03301
Tel: (603) 224-5591

Julie Ebenstein
Dale Ho
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500


**New Hampshire Democratic Party:**

William E. Christie
NH Bar # 11255
S. Amy Spencer
NH Bar # 266617
James J. Armillay, Jr.
NH Bar # 271651
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262

**Defendants:**

Seth M. Zoracki, Bar No. 267887
Assistant Attorney General
Anthony J. Galdieri, Bar No. 18594

Senior Assistant Attorney General
Samuel R. V. Garland, Bar No. 266273
Attorney
New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301
(603) 271-3650

**THEORY OF LIABILITY**:

2018 House Bill 1264 ("HB 1264") changed the definition of resident and residency to require all registered voters to domesticate their driver's licenses and car registrations in New Hampshire.  Previously, only those who intended to remain in New Hampshire indefinitely were required to do so.  This change is unconstitutional under the *Anderson-Burdick* framework, the Twenty-Sixth Amendment, and the Twenty-Fourth Amendment.

**THEORY OF DEFENSE**:

Plaintiffs Casey and Flaherty lack standing to bring this action.  All Plaintiffs lack standing to bring this action against the New Hampshire Secretary of State.  The claims against the New Hampshire Secretary of State are barred by the Eleventh Amendment because the complaint seeks no prospective injunctive relief that is attainable against him.

HB 1264 has no effect on New Hampshire elections and does not implicate the right to vote in a way that triggers the protections of the United States Constitution.

HB 1264 does not violate the First and Fourteenth Amendments because it does not burden the right to vote and it is supported by New Hampshire's compelling interest in insuring that voters are full members of the electoral community.

HB 1264 does not violate the Twenty Sixth Amendment because it does not deny or abridge any citizen's right to vote on account of age.

HB 1264 does not violate the Twenty Fourth Amendment because it does not constitute a

poll tax.

**DAMAGES:**

    Plaintiffs seek declaratory and injunctive relief.

**DEMAND:** N/A

**OFFER:** N/A

**JURISDICTIONAL QUESTIONS:**

    Whether Plaintiffs Casey and Flaherty lack standing to bring this action. Whether all Plaintiffs lack standing to bring this action against the New Hampshire Secretary of State. Whether the claims against the New Hampshire Secretary of State are barred by the Eleventh Amendment because the complaint seeks no prospective injunctive relief that is attainable against him.

**QUESTIONS OF LAW:**

    Whether Plaintiffs Casey and Flaherty lack standing to bring this action. Whether all Plaintiffs lack standing to bring this action against the New Hampshire Secretary of State. Whether the claims against the New Hampshire Secretary of State are barred by the Eleventh Amendment because the complaint seeks no prospective injunctive relief that is attainable against him.

    Whether HB 1264 is unconstitutional under the First and Fourteenth Amendments, the Twenty-Sixth Amendment, and/or the Twenty-Fourth Amendment.

**TYPE OF TRIAL:** Bench trial.

## SCHEDULE

**TRACK ASSIGNMENT**:  Expedited.

**TRIAL DATE:**

The parties propose the trial period of January 6-10, 2020.  The submission of post-trial memoranda shall be permitted and shall be submitted by January 17, 2020.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  N/A.

**AMENDMENT OF PLEADINGS**: October 15, 2019.

**JOINDER OF ADDITIONAL PARTIES:** None anticipated.

**THIRD-PARTY ACTIONS:**  None anticipated.

**MOTIONS TO DISMISS:** No further motions to dismiss under Rule 12.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

**Disclosure of Written Reports:**

- Plaintiffs' Expert Disclosure: October 21, 2019;
- Defendants' Expert Disclosure: November 25, 2019;
- Plaintiffs' Supplementation: December 2, 2019; and
- Defendants' Supplementation: December 9, 2019.

The Defendants' Expert Disclosure deadline may be subject to change or alteration depending on the nature, extent, and complexity of the analysis performed by the plaintiff's expert.  In such an event, the parties will revisit the supplementation deadlines.

**COMPLETION OF DISCOVERY**:        December 31, 2019

**CHALLENGES TO EXPERT TESTIMONY**:  At trial.  Such challenges may be presented in advance of trial by written motion.

## **DISCOVERY**

**DISCOVERY NEEDED**:

The parties will exchange factual background and documentation relevant to claims and defenses of the parties.

Parties reserve the right to object to discovery, including discovery of Electronically Stored Information ("ESI"), to the extent that it is irrelevant, unduly burdensome or is not proportional to the issues involved in this matter and/or the amount in controversy.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:

The parties will provide disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by August 20, 2019.

**INTERROGATORIES**:  A maximum of 25 interrogatories by each party to any other party, including discrete subparts. For the purposes of the propounding parties only, "party" shall refer to (1) the Individual Plaintiffs collectively, (2) New Hampshire Democratic Party, and (3) the Defendants collectively.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSIONS**:  A maximum of 25 requests for admission by each party to any other party, exclusive of requests to admit the authenticity of documents which shall be unlimited.  For the purposes of the propounding parties only, "party" shall refer to (1) the Individual Plaintiffs collectively, (2) New Hampshire Democratic Party, and (3) the Defendants collectively.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS**:  A maximum of 10 depositions per side unless otherwise agreed to or ordered by the court.  Each deposition limited to a maximum of seven (7) hours unless extended by agreement of Parties.

**REQUESTS FOR PRODUCTION OF DOCUMENTS:**

Documents responsive to Individual Plaintiffs' First Request for Production of Documents Requests Numbers 10-16:  September 16, 2019.

All other responsive documents to be produced on a rolling basis by December 13, 2019. Good faith efforts shall be made by all parties to produce substantially all of the documentation requested prior to that deadline and to continue to meet and confer and prioritize document production efforts to accommodate deposition scheduling.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 34(b))**:

The Parties agree to preserve all evidence which is relevant to the claims and defenses in this matter.  The Parties further agree that to the extent emails or documents have been deleted due to the good faith use of a document retention policy, including regular email deletion practices, they will not seek sanctions based upon those deletions which predate the earlier of the party's reasonable anticipation of this lawsuit or the party's actual notice of the filing of this lawsuit.

Subject to the right to assert any applicable objections and exemptions, including but not limited to confidentiality and privacy issues regarding student records, the Parties will respond to any requests for relevant, nonprivileged documents maintained in electronic format to the extent included in discovery requests.  Any e-discovery search requests will be limited to no more than ten (10) key words to be used to search ESI unless otherwise agreed upon by the Parties based upon a specific need.  Any electronic documents will be produced in a format agreed upon by the parties based upon reasonable and specific needs and costs.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF WORK PRODUCT AND TRIAL PREPARATION MATERIALS (Fed. R Civ. P. 26(b)(5))**:

The Parties reserve the right to assert any privileges or work product protections after the inadvertent disclosure of a document, and agree that such inadvertent disclosure shall not operate

as a waiver of any privilege and that each party shall have the right to request and obtain return of such documents as set forth in Fed. R. Civ. P. 26(b)(5)(B).  If any party wishes to contest such a claim of privilege, any such material may be filed with the court only with a request that it be sealed.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**   The Parties do not believe settlement is likely.

**JOINT STATEMENT RE: MEDIATION:**  The Parties do not believe mediation will be helpful.

**TRIAL ESTIMATE:**  5 days.

**WITNESSES AND EXHIBITS:**  Deadlines set by final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**  Scheduled for August 13, 2019.

**OTHER MATTERS:**   The Parties will notify the court if the New Hampshire Presidential Primary Election is scheduled for a day other than February 11, 2020.

Respectfully submitted,

CAROLINE CASEY AND MAGGIE FLAHERTY,

By and through their attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation and the American Civil Liberties Union Foundation,

Dated: August 23, 2019

/s/ *Henry R. Klementowicz*
Gilles R. Bissonnette (N.H. Bar No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION
18 Low Avenue
Concord, NH  03301
Tel.:  603.224.5591
gilles@aclu-nh.org
henry@aclu-nh.org

Julie A. Ebenstein, *pro hac vice*

Dale E. Ho, *pro hac vice*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: 212.549.2500
jebenstein@aclu.org
dho@aclu.org

AND

Respectfully submitted,

NEW HAMSPHIRE DEMOCRATIC PARTY,
By Raymond Buckley, its chair

By its attorney,

Dated: August 23, 2019                */s/ Henry R. Klementowicz for*
William E. Christie
NH Bar # 11255
S. Amy Spencer
NH Bar # 266617
James J. Armillay, Jr.
NH Bar # 271651
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262

AND

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | WILLIAM M. GARDNER, Secretary of State of the State of New Hampshire, in his official capacity, et al., |
|  | By their attorney, |
|  | Gordon J. MacDonald<br>Attorney General |
| Dated: August 23, 2019 | /s/ Anthony J. Galdieri<br>Seth M. Zoracki, Bar No. 267887<br>Assistant Attorney General<br>Anthony J. Galdieri, Bar No. 18594<br>Senior Assistant Attorney General<br>Samuel R. V. Garland, Bar No. 266273<br>Attorney<br>New Hampshire Department of Justice<br>33 Capitol Street<br>Concord, NH 03301<br>(603) 271-3650<br>seth.zoracki@doj.nh.gov |