**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
*************************************
CAROLINE CASEY, et al.,              *
                                     *
        Plaintiffs,                  *
   v.                                *
                                     *
WILLIAM M. GARDNER, Secretary of     *
State of the State of New Hampshire, *
in his official capacity, et al.,    *
                                     *
        Defendants.                  *
                                     *
*************************************      Case No. 19-cv-00149-JL
NEW HAMPSHIRE DEMOCRATIC,            *      (Consolidated Cases)
PARTY, By Raymond Buckley, Chair,    *
                                     *
        Plaintiff,                   *
   v.                                *
                                     *
WILLIAM M. GARDNER, in his official  *
Capacity as New Hampshire Secretary of *
State, et al.,                       *
                                     *
        Defendants.                  *
                                     *
*************************************
```

## JOINT MOTION FOR PROTECTIVE ORDER

The parties jointly submit this motion pursuant to Local Rule 26.2 for the entry of a proposed Stipulated Protective Order (the "Protective Order"), which is attached to this motion as Exhibit A. The parties seek the entry of this Protective Order to maintain the confidentiality of discovery and trial material that is protected from disclosure in civil litigation in state court by statute, confidential personal information concerning New Hampshire voters, and highly sensitive information extracted from the Statewide Voter Registration Database ("Database Information") for the purpose of civil discovery pursuant to court order. The parties to this litigation aim to

prevent the unauthorized disclosure of documents subject to the Protective Order; accordingly, they respectfully move the court to enter the Protective Order.

The Protective Order deviates from Civil Form 5 ("C.F. 5"). It addresses the subject matter contemplated by C.F. 5 but includes additional provisions addressing the protection of Database Information while also simplifying certain procedures in light of the expedited discovery and trial schedule in this case. The Protective Order also distinguishes "Confidential Information" from "Highly Confidential Information," as those terms are defined in the order, and thus imposes different requirements for the distribution, use, and destruction of each category of materials throughout and at the conclusion of the litigation. The following table identifies each paragraph of the Protective Order and describes new provisions not included in C.F. 5 or bases for deviations from that form.[1]

- The introductory paragraph beneath the caption generally addresses the same subject matter set forth in C.F. 5 ¶1.

1. "Purpose"
   - New section not contemplated by C.F. 5
   - This section is intended to memorialize the purpose of the Protective Order and reference statutory provisions prohibiting the disclosure of Database Information.

2. "Judicial Determination Regarding Discoverability of Database Information"
   - New section not contemplated by C.F. 5
   - This section is intended to memorialize the defendants' objection to disclosing Database Information and the court's order directing production of this information subject to the terms of the Protective Order. Because non-parties will receive a copy of the Protective Order upon receipt of any information subject to its terms, the defendants have memorialized their objection to disclosure of Database Information to sensitize recipients to the importance of adhering to the Protective Order.

3. "Definitions"

---

[1] C.F. 5 ¶4 is not included in the Protective Order, as its provisions are not applicable to this case. The Protective Order also does not incorporate C.F. 5 ¶¶8, 10, 12(c), and 14.

2

- New section not contemplated by C.F. 5

- Because the Protective Order distinguishes "Confidential Information" from "Highly Confidential Information" and imposes different restrictions on each type of information, this section would add greater clarity to this document, particularly when it will likely be read and construed by non-parties to the litigation.

4. "Designation of Protected Materials"
    - Subparagraphs A and B address the same subject matter as C.F. 5 ¶¶2 and 3.

    - Subparagraph B includes additional provisions regarding the electronic file names of protected material produced in native format to ensure that such documents are produced with the proper confidentiality designation.

    - Subparagraph C addresses the same subject matter as C.F. 5 ¶5 concerning designation of deposition testimony. A party may designate deposition testimony as protected material by either making such a designation on the record during the deposition or by indicating that designation within ten days of receipt of the transcript. These changes are intended to simplify the manner in which deposition testimony may be designated as protected material due to the expedited discovery and trial schedule.

    - Subparagraph D is a new section not contemplated by C.F. 5 and prescribes procedures for inadvertent or unintentional disclosures of protected information. The parties may exchange a high volume of documents in electronic form, so procedures for inadvertent disclosure are in the parties' best interest to continue protecting the confidentiality of such information.

    - Subparagraph E addresses challenges to a designation of confidentiality. Given the expedited discovery and trial schedule, the procedure set out in C.F. 5 ¶9 was simplified; under Subparagraph E, an objecting party shall notify the producing party about any challenge to the confidentiality designation, and then the parties shall meet and confer to discuss the objection. If the parties cannot agree, the objecting party may file a motion for the court's determination on the issue.

5. "Use and Disclosure of Protected Material"
    - Subparagraph 5A substantively reflects C.F. 5 ¶6(a) and further states that all persons viewing material protected by the Protective Order shall be informed of the restrictions set forth therein before receiving Confidential or Highly Confidential Information.

    - Subparagraph B substantively reflects C.F. 5 ¶6(b) and adds the court and court personnel to the list of persons authorized to receive Confidential Information. This subparagraph also requires certain persons to sign the certification in Attachment A to the Protective Order before receiving protected information. This change was

  made to ensure that persons receiving this information are aware of the terms of the order and agree to be subject to its terms.

- Subparagraph C is intended to serve the same purpose as Subparagraph B in the context of Highly Confidential Information. It lists the persons authorized to receive such information and imposes certain requirements that must be satisfied before those individuals may receive Highly Confidential Information.

- Subparagraph D substantively reflects C.F. 5 ¶6(c).

- Subparagraph E addresses procedures for filing Confidential or Highly Confidential Information in the public record. It is intended to address the same subject matter as C.F. 5 ¶7 but simplifies the procedure by requiring such information to always be filed under seal in light of the expedited discovery and trial schedule in the present matter.

- Subparagraph F addresses the same subject matter of C.F. 5 ¶11 but further clarifies that any memorandum addressing the use of protected material in a public setting shall not quote or otherwise contain the text of such protected material. This provision was added in light of the highly sensitive Database Information that will be produced in this case.

- Subparagraph G is not contemplated by C.F. 5 and is intended to add additional protections to the use of protected material, particularly when sensitive Database Information is being disclosed subject to the terms of the Protective Order.

- Subparagraph H substantively reflects C.F. 5 ¶6(d).

- Subparagraph I was not contemplated by C.F. 5. The defendants expect many documents will be produced in native format or electronically. This new subparagraph proposes a procedure for marking copies of such materials to ensure that their confidentiality designations are maintained throughout the litigation.

- Subparagraphs J and K are not contemplated by C.F. 5 and are intended to preserve the parties' rights to raise other objections or justifications for withholding documents or information in discovery.

6 "Special Considerations for Highly Confidential Information"
- New section not contemplated by C.F. 5

- This section is intended to address special considerations regarding the access, use, and distribution of Database Information, which is Highly Confidential Information under the Protective Order. It also addresses the parties' responsibilities and obligations for protective sensitive voter data in the event of a security breach (as that term is defined in this Protective Order).

4

7   "Obligations on Conclusion of Litigation"
- Subparagraph A substantively reflects C.F. 5 ¶12(a).

- Subparagraph B substantively reflects C.F. 5 ¶12(b).

- Subparagraph C is intended to serve the same purpose as Subparagraph B in the context of Highly Confidential Information. It prescribes a shorter period of time for the destruction or return of Highly Confidential Information and prohibits counsel from retaining work product bearing that information. These changes are proposed because of the highly sensitive nature of the Database Information.

8   "Order Subject to Modification"
- This section substantively reflects C.F. 5 ¶13 but also requires a good faith attempt to meet and confer regarding proposed modifications.

9   "Persons Bound"
- This section is identical to C.F. ¶15.

The parties respectfully request that the court enter the proposed Stipulated Protective Order submitted with this motion as Exhibit A.

>Respectfully submitted,
>
>WILLIAM M. GARDNER, SECRETARY OF STATE and GORDON MACDONALD, ATTORNEY GENERAL,
>
>By Their Attorneys,
>
>Seth M. Zoracki, Esq. (NH Bar #267887)
>Assistant Attorney General
>Seth.Zoracki@doj.nh.gov
>Anthony J. Galdieri, Esq. (NH Bar #18594)
>Senior Assistant Attorney General
>Anthony.Galdieri@doj.nh.gov
>Samuel R.V. Garland, Esq. (NH Bar #266273)
>Attorney
>Samuel.Garland@doj.nh.gov
>Civil Bureau, 33 Capitol Street
>Concord, NH 03301
>(603) 271-3658
>
>and

September 17, 2019

>*/s/ Cooley A. Arroyo*
>Bryan K. Gould, Esq. (NH Bar #8165)
>gouldb@cwbpa.com
>Cooley A. Arroyo, Esq. (NH Bar #265810)
>arroyoc@cwbpa.com
>Cleveland, Waters and Bass, P.A.
>2 Capital Plaza, P.O. Box 1137
>Concord, NH 03302-1137
>(603) 224-7761

|  |  |
|---|---|
|  | CAROLINE CASEY AND MAGGIE FLAHERTY, |
|  | By and through their attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation and the American Civil Liberties Union Foundation, |
| September 17, 2019 | */s/ Henry R. Klementowicz* <br> Gilles R. Bissonnette (NH Bar #265393) <br> gilles@aclu-nh.org <br> Henry R. Klementowicz (NH Bar #21177) <br> henry@aclu-nh.org <br> AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION <br> 18 Low Avenue <br> Concord, NH 03301 <br> (603) 224-5591 |
|  | NEW HAMPSHIRE DEMOCRATIC PARTY, |
|  | By Its Attorneys, |
|  | SHAHEEN & GORDON, P.A. |
| September 17, 2019 | */s/ William E. Christie* <br> William E. Christie (NH Bar # 11255) <br> wchristie@shaheengordon.com <br> S. Amy Spencer (NH Bar # 266617) <br> saspencer@shaheengordon.com <br> James J. Armillay, Jr. (NH Bar # 271651) <br> jarmillay@shaheengordon.com <br> 107 Storrs Street, P.O. Box 2703 <br> Concord, NH 03302-2703 <br> (603) 225-7262 |

## CERTIFICATE OF SERVICE

      I hereby certify that the within pleading is being served electronically upon the persons listed below through the court's ECF system.

Anthony Galdieri, Esq.
Samuel R.V. Garland, Esq.
Seth M. Zoracki, Esq.
Dale E. Ho, Esq.
Gilles R. Bissonnette, Esq.
Henry Klementowicz, Esq.
Julie A. Ebenstein, Esq.
S. Amy Spencer, Esq.
William E. Christie, Esq.


September 17, 2019                      */s/ Cooley A. Arroyo*
                                                 Cooley A. Arroyo, Esq.