UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Caroline Casey, et al.

        v.                          Civil No. 19-cv-149-JL

NH Secretary of State, et al.

**PROCEDURAL ORDER**

New Hampshire Supreme Court Rule 34 provides that:

This court may answer questions of law certified to it
by the Supreme Court of the United States, a court of
appeals of the United States, or of the District of
Columbia, or a United States district court when
requested by the certifying court if there are
involved in any proceeding before it questions of law
of this State which may be determinative of the cause
then pending in the certifying court and as to which
it appears to the certifying court there is no
controlling precedent in the decisions of this court.

This rule may be invoked by an order of any of the
courts referred to above upon that court's own motion
or upon the motion in that court of any party to the
cause.

There are potentially determinative issues of New Hampshire

law in this case.  While it falls to this court to determine the

constitutional permissibility of the enforcement scheme at least

arguably created by HB 1264, the meaning of New Hampshire

statutes is best (and only conclusively) determined by the New

Hampshire Supreme Court.

This court is considering certifying questions of New Hampshire statutory interpretation, sua sponte, to the New Hampshire Supreme Court.

**Domicile and student domicile.**  The parties in this case presume that an individual who is a New Hampshire domiciliary under RSA § 654:1 is necessarily a resident of New Hampshire under RSA § 21:6, as recently amended.  If this assumption is accurate, an individual who certifies that he or she is a New Hampshire domiciliary in registering to vote would effectively admit that he or she is also a New Hampshire resident, and potentially be subject to the legal requirements of residency.

The same assumption was made by the Justices of the New Hampshire Supreme Court and all of the involved parties when the Governor and Executive Council sought an advisory opinion regarding the constitutionality of HB 1264.  The certified questions assumed that the bill "subject[ed] those who are domiciled in New Hampshire for voting purposes to the same legal requirements as those who are residents of New Hampshire, including but not limited to the requirements to take actions required by RSAs 261:45 and 263:35 and to pay any fees or taxes associated therewith." Opinion of the Justices, 171 N.H. 128, 131–32 (2018).

The opinion of Chief Justice Lynn and Justices Hantz-Marconi and Donovan stated:

By removing the words "for the indefinite future" from
RSA 21:6 and :6-a, HB 1264 makes the definitions of
"resident" and "residence" as used in those statutes
effectively the same as the definition of "domicile"
as used in RSA 654:1, I, notwithstanding that the text
of the amended version of RSA 21:6 and :6-a, on the
one hand, and RSA 654:1, I, on the other, is not
identical.

Id. at 139-40; see id. at 145 (describing HB 1264 as "equalizing
the legal standard for domicile for voting purposes with the
legal standard for residence for other purposes").  These
Justices also noted that "[n]one of the parties who have
submitted memoranda in support of or in opposition to HB 1264
disputes that the bill makes the definitions of 'resident' and
'residence' in RSA 21:6 and :6-a equivalent to the definition of
'domicile' in RSA 654:1, I." Id. at 140 n.4 (emphasis added).
The separate opinion of Justices Hicks and Bassett similarly
explained:

Both the proponents and opponents of HB 1264 posit
that the proposed amendments will render the statutory
definitions of "resident" and "residence" equivalent
to the statutory definition of "domicile." See RSA
654:1, I (2016).  Assuming this to be the case for
purposes of this advisory opinion, HB 1264, if it were
to become law, would subject those who are "domiciled"
in New Hampshire for voting purposes to the same legal
requirements as those who are "residents" of the
State—e.g., HB 1264 would require them to register
their vehicles here, see RSA 261:45 (Supp. 2017), and
to obtain a New Hampshire driver's license, see RSA
263:35 (2014).

Id. at 149-50 (emphasis added).

Although, as an advisory opinion, Opinion of the Justices
is not binding law, there is indirect support for the parties'
assumption in binding New Hampshire law:

> The basic difference between a "resident" and a person
> who merely has a New Hampshire "domicile," is that a
> "resident" has manifested an intent to remain in New
> Hampshire for the indefinite future, while a person
> who merely has a New Hampshire "domicile" has not
> manifested that same intent.

Guare v. State, 167 N.H. 658, 662 (2015).  As HB 1264 removed
this "basic difference," it arguably rendered those who have a
New Hampshire domicile "residents."  But confirming this
supposed equivalence is crucial to this case.  If registering to
vote does not in effect claim or admit New Hampshire residency,
none of the harms alleged by the plaintiffs result.  And,
because the individual plaintiffs in this case are college
students, it is also crucial to determine if the relationship
between "domicile" and "residence" is any different when a
student claims domicile via § 654:1-a, New Hampshire's student
domicile provision.  If that student-specific domicile provision
permits students to register to vote without becoming New
Hampshire residents, the individual plaintiffs do not face the
harms they allege.

**Claiming residence in another state.**  A further question
arises from  , which defines "resident" for the purposes of the
motor vehicle code: "'Resident' shall mean a resident of the

state as defined in RSA 21:6, except that no person shall be deemed to be a resident who claims residence in any other state for any purpose." N.H. Rev. Stat. Ann. § 259:88 (emphasis added).  Neither the parties here nor the Justices in their advisory opinions have addressed the latter portion of this definition.  This court has found no New Hampshire authority interpreting this language, or similar language elsewhere in the New Hampshire Code.  See N.H. Rev. Stat. Ann. §§ 207:1, 215-A:1; 215-C:1.  The parties apparently assume that an individual with a New Hampshire domicile would not be someone "who claims residence in any other state for any purpose," and this also may be crucial to the resolution of this case.  If a registered voter can both claim a New Hampshire domicile and claim residence for motor vehicle purposes in another state, the plaintiffs likely do not face the harms they allege.

Consider, for example, a college student who comes from Colorado to study in New Hampshire, and owns a car registered in Colorado.  If she "claim[s] domicile for voting purposes" in New Hampshire pursuant to RSA § 654:1, I-a, but does not wish to register her vehicle in New Hampshire, is she excluded from the definition of resident in RSA § 259:88 because she claims residence for motor vehicle purposes in another state?

**Bona fide residency.**  The language of RSA §§ 261:45 and 263:35 raises a final question.  These statures require a

nonresident who establishes "a bona fide residency" in New Hampshire to obtain a New Hampshire driver's license if he or she drives and registers any vehicles in New Hampshire.  When the student from Colorado "claim[s] domicile for voting purposes" under § RSA § 654:1, I-a, does she establish a "bona fide residency"?

Again, while this court will determine the constitutional permissibility of the enforcement scheme at least arguably created by HB 1264, the court is considering certifying the following questions to the New Hampshire Supreme Court:

- Are the definitions of "resident" and "residence" in RSA § 21:6 and :6-a, as recently amended, effectively the same as the definition of "domicile" as used in RSA § 654:1, such that one with a New Hampshire "domicile" is necessarily a New Hampshire "resident"?

- Is a student who claims a New Hampshire "domicile" pursuant to RSA § 654:1-a necessarily a New Hampshire resident under RSA 21:6, as recently amended?

- Can an individual with a New Hampshire "domicile" pursuant to RSA § 654:1 ever be an individual "who claims residence in any other state for any purpose" and thus is not a "resident" for the purposes of RSA § 259:88?

- Relatedly, does an individual who claims a New Hampshire "domicile" pursuant to RSA § 654:1, I or I-a necessarily establish "a bona fide residency" for the purposes of RSA §§ 261:45 and 263:35?

If certification appears likely to delay resolution of this case, the court will consider issuing a temporary order prohibiting New Hampshire from using voter registration as

evidence in any enforcement of RSA §§ 261:45 and 263:35, or a provisional protective order agreed to by the parties and approved by the court.[1]  The parties shall file within 10 days of this order memoranda supporting or opposing certification of these questions and proposing any modifications to the questions.  Once the court receives the parties' submissions, should the court decide to certify the questions, it will expeditiously schedule a conference with counsel to discuss what effect, if any, certification should have on the scheduled proceedings in this court and whether any temporary orders would be necessary.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  October 9, 2019

cc:   Dale E. Ho, Esq.
      Gilles R. Bissonnette, Esq.
      Julie A. Ebenstein, Esq.
      Theresa J. Lee, Esq.
      Henry Klementowicz, Esq.
      William E. Christie, Esq.
      James Joseph Armillay, Jr., Esq.

---

[1] Under such an order, if the defendants ultimately prevail, any individuals who register to vote during the pendency of this case may be given an opportunity to cancel their registration, and cancelled registrations shall not be used as evidence of either New Hampshire domicile or residency.

Suzanne Amy Spencer, Esq.
Anthony Galdieri, Esq.
Bryan K. Gould, Esq.
Cooley Ann Arroyo, Esq,
Samuel R.V. Garland, Esq.
Seth Michael Zoracki, Esq.