UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **CAROLINE CASEY and MAGGIE FLAHERTY**<br><br>    **Plaintiffs,**<br><br>  v.<br><br>**WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and**<br>**GORDON MACDONALD, in his official capacity as New Hampshire Attorney General**<br><br>    **Defendants.** | |
| **NEW HAMPSHIRE DEMOCRATIC PARTY, By Raymond Buckley, Chair**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and**<br>**GORDON MACDONALD, in his official capacity as New Hampshire Attorney General**<br><br>    **Defendants.** | **Consolidated Case No.: 1:19-cv-00149-JL** |

**MOTION FOR PRELIMINARY INJUNCTION**
**(EXPEDITED CONSIDERATION REQUESTED)**

Pursuant to Federal Rule of Civil Procedure 65, Caroline Casey and Maggie Flaherty ("the Individual Plaintiffs") hereby move for a preliminary injunction that 1) prohibits New Hampshire from using voter registration or voting history as evidence in any enforcement action under RSA 261:54 and RSA 263:35 and 2) requires the State to inform election officials and the public of this order. The Individual Plaintiffs further state as follows:

1. 2018 House Bill 1264 ("HB 1264") changed the definition of "resident" and "residence" by removing from their definitions the phrase "for the indefinite future." This change was intended to require all constitutionally-eligible voters to, within 60 days of registering to vote, pay moneys to the state through car registrations (if they own a car) and driver's license fees (if they drive).

2. HB 1264 is inherently confusing because it did not amend the definition of "resident" for motor vehicle purposes under RSA 259:88, which excepts from motor vehicle requirements those "who claim[] residence in any other state for any purpose." Defendants have compounded this confusion by refusing to explain to the public the impact they believe HB 1264 has on those who register to vote with out-of-state driver's licenses and vehicle registrations.

3. The Individual Plaintiffs are likely to succeed on their claim that HB 1264 is unconstitutional under the *Anderson*/*Burdick* framework.

4. The Individual Plaintiffs are likely to suffer irreparable harm if an injunction does not issue.

5. The balance of equities tip in the Individual Plaintiffs' favor.

6. An injunction is in the public interest.

7. Plaintiffs request a hearing on this motion.

**LOCAL RULE 7.1(a) CERTIFICATION**

8. This motion is accompanied by a memorandum of law.

## LOCAL RULE 7.1(c) CERTIFICATION

9. Given the nature of the relief requested herein, Individual Plaintiffs have not sought Defendants' assent on this motion.

## LOCAL RULE 65.1 CERTIFICATION

10. This motion is accompanied by a proposed order.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Decide this Motion on an expedited basis;

B. Issue a preliminary injunction prohibiting New Hampshire from using voter registration or voting history as evidence in any enforcement action under RSA 261:54 and RSA 263:35;

C. Issue a preliminary injunction requiring the State to inform election officials and the public of this order; and

D. Grant such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

CAROLINE CASEY AND MAGGIE FLAHERTY,

By and through their attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation and the American Civil Liberties Union Foundation,

/s/ Henry R. Klementowicz
Gilles R. Bissonnette (N.H. Bar No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION
18 Low Avenue
Concord, NH 03301
Tel.: 603.224.5591
gilles@aclu-nh.org
henry@aclu-nh.org

> Julie A. Ebenstein, *pro hac vice*
> Dale E. Ho, *pro hac vice*
> Theresa Lee, *pro hac vice*
> AMERICAN CIVIL LIBERTIES UNION FOUNDATION
> Voting Rights Project
> 125 Broad Street, 18th Floor
> New York, NY 10004
> Tel.: 212.549.2500
> jebenstein@aclu.org
> dho@aclu.org
> tlee@aclu.org

Date:   November 6, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that he has electronically filed this date the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in the consolidated case. This filing is available for viewing and downloading from the ECF system.

Dated:  November 6, 2019                    /s/ Henry R. Klementowicz
                                            Henry R. Klementowicz