UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CAROLINE CASEY and MAGGIE FLAHERTY<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and<br>GORDON MACDONALD, in his official capacity as New Hampshire Attorney General<br><br>    Defendants.<br><br>NEW HAMPSHIRE DEMOCRATIC PARTY, By Raymond Buckley, Chair<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and<br>GORDON MACDONALD, in his official capacity as New Hampshire Attorney General<br><br>    Defendants. | Consolidated Case No.: 1:19-cv-00149-JL |

**PLAINTIFF NEW HAMPSHIRE DEMOCRATIC PARTY'S MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW**
<u>**(EXPEDITED CONSIDERATION REQUESTED)**</u>

NOW COMES Plaintiff, New Hampshire Democratic Party ("NHDP"), by its Chair, Raymond Buckley, and by and through counsel, Shaheen & Gordon, P.A., pursuant to Federal Rule of Civil Procedure 65, respectfully moves for a preliminary injunction and joins in the Motion for Preliminary Injunction [Doc. No. 72], Memorandum of Law in Support of Motion for Preliminary Injunction [Doc. No. 72-15], the Proposed Order Granting Plaintiffs' Motion for Preliminary Injunction [Doc. No. 72-1], and all exhibits and appendices attached thereto filed by Plaintiffs Caroline Casey and Maggie Flaherty, and, in support thereof, states as follows:

1. On October 30, 2019, the Court approved the parties' agreed-upon schedule for the filing of Plaintiffs' motions for a preliminary injunction and the State's objection and set a hearing date of November 23, 2019 for an evidentiary hearing on the same.

2. On November 6, 2019, 2019, Plaintiffs Casey and Flaherty filed their Motion for Preliminary Injunction and appended documents. [Doc. Nos. 72 through 72-15].

3. In the interest of judicial efficiency, NHDP joins in the Motion for Preliminary Injunction and all documents appended thereto filed by Plaintiffs Caroline Casey and Maggie Flaherty in their entirety rather than duplicating efforts, reproducing the arguments, and burdening the Court with a duplicate filing.

4. Briefly, however, NHDP confirms that it too has met each element necessary for this Court to enter the narrow preliminary injunction sought by NHDP and the Individual Plaintiffs.

5. In seeking a preliminary injunction under Federal Rule of Civil Procedure 65, the moving party "must establish that he is likely to succeed on the merits; that he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor;

and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

6. In this case, for all the reasons set out in the Individual Plaintiffs' Memorandum of Law, because NHDP also has standing as set out in NHDP's Reply in Further Support of Its Motion to Amend Complaint [Doc. No. 67-1], and because HB 1264 unduly burdens the First and Fourteenth Amendment right to vote of NHDP and its members and is not supported by an adequate state interest, NHDP is likely to succeed on its claim that HB 1264 is unconstitutional under the *Anderson/Burdick* framework.

7. Further, for all the reasons set out in the Individual Plaintiffs' Memorandum of Law, and because the lack of clarity from the State on what HB 1264 requires of NHDP's members and the resulting inability of NHDP to educate its members on those requirements will create and sustain voter confusion substantially burdening the fundamental right to vote and significantly risking the disenfranchisement of voters who tend to vote for Democratic candidates, NHDP and its members are likely to suffer irreparable harm in the absence of an injunction.

8. Additionally, for all the reasons set out in the Individual Plaintiffs' Memorandum of Law, and because in the absence of an injunction, NHDP's members will be faced with irreconcilable confusion over whether the acts of registering to vote or of voting will subject them to potential criminal liability such that they would be likely to abstain from participating in this pivotal election altogether, while the State would merely be temporarily enjoined from using evidence that they cannot say they have used before to prove an alleged violation of RSA 261:54 and RSA 263:35, the balance of the equities favors NHDP.

9. Lastly, for all the reasons set out in the Individual Plaintiffs' Memorandum of Law, and because the eyes of the world are on New Hampshire's First in the Nation Presidential Primary, which New Hampshire maintains because of our historically high voter turnout and because our elections are widely regarded as free and fair, the public interest favors this Court's issuing the modest preliminary injunction sought by NHDP and the Individual Plaintiffs in this case.

10. In support of NHDP's Motion for Preliminary Injunction and the Motion for Preliminary Injunction filed by Plaintiffs Caroline Casey and Maggie Flaherty, NHDP attaches true and correct copies of the following:

    a. The affidavit of Mary Catherine Suskie, attached hereto as Exhibit A;
    b. The affidavit of Benjamin Kremer, attached hereto as Exhibit B;
    c. The affidavit of Katharine Morse-Gagne, attached hereto as Exhibit C;
    d. The affidavit of William Hardesty-Dyck, attached hereto as Exhibit D;
    e. The affidavit of Olivia Joan Hancock, attached hereto as Exhibit E;
    f. The affidavit of Mary K. Dineen, attached hereto as Exhibit F.

## **LOCAL RULE 7.1(a) CERTIFICATION**

1. This motion incorporates the memorandum of law filed by Caroline Casey and Maggie Flaherty as well as the arguments and authorities contained herein.

## **LOCAL RULE 7.1(c) CERTIFICATION**

2. Given the nature of the relief requested herein, NHDP has not sought Defendants' assent on this motion.

## **LOCAL RULE 65.1 CERTIFICATION**

3. This motion is accompanied by a proposed order.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Decide this Motion on an expedited basis;

B. Issue a preliminary injunction prohibiting New Hampshire from using voter registration or voting history as evidence in any enforcement action under RSA 261:54 and RSA 263:35;

C. Issue a preliminary injunction requiring the State to inform election officials and the public of this order; and

D. Grant such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

NEW HAMPSHIRE DEMOCRATIC PARTY

By Its Attorneys,
SHAHEEN & GORDON, P.A.

Dated: November 6, 2019

/s/ William E. Christie
William E. Christie
NH Bar # 11255
S. Amy Spencer
NH Bar # 266617
James J. Armillay, Jr.
NH Bar # 271651
107 Storrs Street
P.O. Box 2703
Concord, NH 03302-2703
(603) 225-7262
wchristie@shaheengordon.com
saspencer@shaheengordon.com
jarmillay@shaheengordon.com

## CERTIFICATE OF SERVICE

I, William E. Christie, Esquire, certify that on this date service of the foregoing document was made upon counsel for all parties via the Court's CM/ECF System.

/s/ William E. Christie
William E. Christie