## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

```
*************************************
CAROLINE CASEY, et al.,               *
                                      *
            Plaintiffs,               *
     v.                               *
                                      *
WILLIAM M. GARDNER, Secretary of      *
State of the State of New Hampshire,  *
in his official capacity, et al.,     *
                                      *
            Defendants.               *
                                      *
*************************************      Case No. 19-cv-00149-JL
NEW HAMPSHIRE DEMOCRATIC,             *     (Consolidated Cases)
PARTY, By Raymond Buckley, Chair,     *
                                      *
            Plaintiff,                *
     v.                               *
                                      *
WILLIAM M. GARDNER, in his official   *
Capacity as New Hampshire Secretary of*
State, et al.,                        *
                                      *
            Defendants.               *
                                      *
*************************************
```

## MOTION TO DISMISS INDIVIDUAL PLAINTIFFS' AMENDED COMPLAINT

Defendants William Gardner, in his official Capacity as New Hampshire Secretary of State, and Gordon MacDonald, in his official capacity as New Hampshire Attorney General, by and through their counsel, the Office of the Attorney General, respectfully move to dismiss the amended complaint filed by Caroline Casey and Maggie Flaherty (the "individual plaintiffs"), ECF Doc. No. 68, stating as follows:

## INTRODUCTION

1. After insisting throughout this litigation that HB 1264 is unconstitutional because it makes certain specific changes to the motor vehicle code, the individual plaintiffs have filed an amended complaint premised, at least in substantial part, upon a fundamentally different legal theory.

2. They now contend that HB 1264 is "inherently confusing" because it is unclear whether HB 1264 does in fact alter the motor vehicle code provisions related to driver's licenses and car registrations that they previously contended imposed an unconstitutional burden on the right to vote. They contend that this "confusion," in and of itself, violates the First and Fourteenth Amendments to the United States Constitution by severely burdening the right to vote.

3. The Court should dismiss the plaintiffs' newly advanced "confusion" claim because it is not legally cognizable under the First and Fourteenth Amendments.

4. The Court should further dismiss the individual plaintiffs' amended complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

5. When ruling on a motion to dismiss under Rule 12(b)(6), the Court must "take the complaint's well-pleaded facts as true" and "draw all reasonable inferences in the plaintiff['s] favor." *Barchock v. CVS Health Corp.*, 886 F.3d 43, 48 (1st Cir. 2018) (citation and internal quotation marks omitted). "Well pleaded facts must be non-conclusory and non-speculative." *Id.* (same omissions). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same omissions). "If the factual allegations in the complaint are too meager, vague, or conclusory to

remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (same omissions).

6. A district court may also "dismiss a complaint that fails to comply with Rule 8's 'short and plain statement' requirement." *Currier v. Town of Gilmanton*, 2019 DNH 129, 3 (*McCafferty*, J.) (citing *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993)). Rule 8(a) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Similarly, Rule 8(d) requires that the allegations in the complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d).

## RELEVANT BACKGROUND

7. The individual plaintiffs filed this action on February 13, 2019, contending, among other things, that HB 1264 unconstitutionally burdened their right to vote because it "changed the legal definition of residence and . . . ha[d] the effect of requiring every person who registers to vote in New Hampshire and who has a driver's license or owns a car to obtain a New Hampshire driver's license and register her car in New Hampshire at significant expense." ECF Doc. No. 1 at 1, 2.

8. The individual plaintiffs maintained this position in May 2019, when they argued in their objection to the defendants' motion to dismiss that:

> Now, by equating th[e] 'residency' standard of RSA 21:6 with the 'domicile' voter eligibility standard in RSA 654:1, I, the intent and effect of HB 1264 is that, for the first time, by registering to vote in New Hampshire, a person effectively declares that he or she is a legal 'resident' of New Hampshire under RSA 21:6. Now, if a voter drives, she is obligated to purchase a New Hampshire driver's license within 60 days of this declaration (at a cost of $50), and if she owns a car, she is obligated to pay to register that car in New Hampshire within 60 days of this declaration (at a cost of hundreds of dollars).

ECF Doc. No. 24 at 3.

9. Nevertheless, on October 10, 2019, the individual plaintiffs moved to amend their complaint, arguing for the first time that HB 1264 is "inherently confusing" because it "did not amend the definition of 'resident' for motor vehicle purposes in RSA 259:88." ECF Doc. No. 57 at 4. They accordingly sought to amend into this action a claim that HB 1264 "violates the First and Fourteenth Amendments to the United States Constitution under the *Anderson/Burdick* framework in that it, through this confusion, impose a severe burden on the right to vote, and therefore must survive strict scrutiny." *Id.* The individual plaintiffs sought this amendment despite the fact that both they and their counsel had previously maintained, both in this litigation and while HB 1264 was pending before the legislature and the New Hampshire Supreme Court, that HB 1264 unambiguously altered the motor vehicle code's licensing and registration requirements.

10. At the same time, however, the individual plaintiffs sought to amend into their complaint an argument that "HB 1264 does not textually accomplish its intended objective of imposing New Hampshire motor vehicle fees on those who register to vote by have out of state drivers' licenses or vehicle registrations . . . because, in part, HB 1264 did not amend the definition of 'resident' for motor vehicle purposes at RSA 259:88." ECF Doc. No. 57-1 at 3.

11. Thus, in direct contrast to the position they had maintained throughout this litigation, and in apparent tension with their argument that HB 1264 is "inherently confusing," the individual plaintiffs sought, under the guise of an alternative request for relief, a declaration "that due to the carve out in RSA 259:88, motor vehicle fees are not required because someone registers to vote but still maintains a driver's license or car registration in another state." *Id.* at 25.

12. The defendants objected to the individual plaintiffs' motion to amend, arguing, *inter alia*, that the individual plaintiffs' request for declaratory relief arose entirely under state law and was barred by the Eleventh Amendment. *See* ECF Doc. No. 64-1 at 10–11. The defendants further argued that the individual plaintiffs' proposed amended complaint violated Rule 8 because it contained numerous elements that are inconsistent with the requirement that an initiating pleading contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 11–13.

13. The Court granted the motion to amend over the defendants' objection, noting that it "would consider the voter confusion-based arguments (already raised at the argument on the motion to dismiss) with or without the amendment" and that it "would consider the defendants' Eleventh Amendment objections to particular relief in due course." Oct. 30, 2019 Endorsed Order (*Laplante*, J.). The Court did not address in its ruling the defendants' Rule 8 arguments.

14. The individual plaintiffs filed their amended complaint on October 30, 2019. ECF Doc. No. 68. It consists of, among other things, nearly seven pages of unnumbered paragraphs of introduction; case citations; substantive footnotes, many of which contain unnecessary legal argument and hyperlinks to internet sources, including news articles and YouTube videos; and numbered paragraphs consisting of multiple sentences and a mishmash of factual allegations, legal argument, and citations to various sources. *See generally id.*

## ARGUMENT

**A. The individual plaintiffs' "confusion" claim is not cognizable under the First or Fourteenth Amendment as a matter of law.**

15. When the individual plaintiffs originally sought leave to amend, the defendants did not read their new "confusion" allegations to create a new or different cause of action, but

noted that the individual plaintiffs could not seek the specific relief amended into the complaint, which essentially asked for a declaration on state law.

16.     Based on the Court's October 30, 2019 Order, it does not appear that the Court read the individual plaintiffs' amended complaint to advance a new or different substantive cause of action.

17.     However, the individual plaintiffs' recently filed motion for preliminary injunction reveals that they believe that this amendment fundamentally transformed Count I of their complaint into a new cause of action predicated on "confusion."

18.     The individual plaintiffs frame this issue as follows: HB 1264 impermissibly burdens the right to vote, in violation of the First and Fourteenth Amendments, because it is "inherently confusing."

19.     Despite this framing, the individual plaintiffs' "confusion" theory does not present a legally cognizable right-to-vote claim.

20.     The types of laws that implicate an individual's right to vote are those that "govern[] the registration and qualifications of voters, the selection and eligibility of candidates, or the voting process itself." *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983); *see Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181 (2008) (*Scalia*, J., concurring) ("To evaluate a law respecting the right to vote—whether it governs voter qualifications, candidate selection, or the voting process—we use the approach set out in *Burdick v. Takushi* [citation omitted]"); *Mich. State A. Philip Randolph Inst. v. Johnson*, 749 F. App'x 342, 349 (6th Cir. 2018) ("'[e]lection cases rest at the intersection of two competing interests[,]' namely, an individual's right to vote versus a state's prerogative to regulate the right to vote").

21. Thus, in order to succeed on the merits of their confusion claim, the individual plaintiffs must prove that some voting procedure or process that persons encounter when attempting to register to vote or vote will likely cause actual widespread voter confusion.

22. Most voter confusion cases, including those the individual plaintiffs cite, involve the structure, form, or wording of a state-printed ballot. *See Wash. State Grange v, Wash. State Republican Party*, 552 U.S. 442, 454–59 (2008) (potentially confusing ballot); *Mich. State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 664-66 (6th Cir. 2016) (same); *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 792-93 (9th Cir. 2012) (same); *Hall v. Simcox*, 766 F.2d 1171, 1175-76 (7th Cir. 1985) (same).

23. Even *Guare v. State*, 167 N.H. 658 (2005), involved a legally inaccurate and therefore confusing statement on a voter registration form used statewide.

24. The individual plaintiffs have cited no case, and defense counsel has not been able to locate any case, standing for the proposition that general uncertainty about one's statutory obligations upon becoming a resident of a state can give rise to a federal constitutional challenge under the *Anderson-Burdick* framework.

25. To the defendants' knowledge, the only court confronted with this type of general statutory confusion claim within the election context squarely rejected that claim as "implausible." *See Wash. State Republican Party*, 676 F.3d at 793 (rejecting plaintiffs' claim that "Washington's statutes and regulations create voter confusion" because it was based on the "implausible premise that even well-informed voters are aware of the intricacies" of such statutes and regulations).

26.     The lack of decisional support for the individual plaintiffs' "confusion" theory is unsurprising, as that theory does not present a question of federal constitutional dimension, but rather one of simple statutory interpretation.

27.     As the individual plaintiffs themselves have recognized, "either the law imposes these motor vehicle obligations on registrants or it does not. ECF Doc. No. 59 at 3.

28.     The individual plaintiffs further acknowledge that this question can be resolved without implicating any of the constitutional claims in this litigation. *See* ECF Doc. No. 68 at 3–4 ("[T]his Court could avoid the grave constitutional claims in this litigation altogether under the doctrine of constitutional avoidance by construing the statute—consistent with the legislature's failure to amend RSA 259:88—as not imposing these motor vehicle 'residency' obligations on voters who have out-of-state drivers' licenses and vehicle registrations."). In other words, the individual plaintiffs effectively admit that their "confusion" claim does not state a viable federal cause of action.

29.     Ultimately, the individual plaintiffs fail to provide any precedential support for the extreme notion that the First and Fourteenth Amendments require a state to justify, under the *Anderson-Burdick* framework, any change it makes to its laws or regulations affecting the obligations of residency. They similarly fail to cite or provide reference to any authority standing for the proposition that confusion about one's personal tax obligations, licensing obligations, motor vehicle registration obligations, or business or professional licensing obligations in a particular state is capable of burdening a person's right to vote.

30.     The Court should accordingly dismiss the individual plaintiffs "inherent confusion" claim (Count I) for failure to state a claim.


**B.     The amended complaint violates Rule 8.**

31.     As noted above, Rule 8(a) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and Rule 8(d) requires that the allegations in the complaint be "simple, concise, and direct," Fed. R. Civ. P. 8(d).

32.     "A district court may dismiss a complaint that fails to comply with Rule 8's 'short and plain statement' requirement." *Currier*, 2019 DNH 129, 3 (*McCafferty*, J.) (citing *Kuehl*, 8 F.3d at 908).

33.     The individual plaintiffs' amended complaint violates Rule 8's pleading requirements in several ways.

34.     First, the amended complaint contains an introduction, spanning nearly seven pages of unnumbered paragraphs, that consists almost entirely of legal argument rather than well-pleaded facts. In the words of one court, "this unnumbered section of narrative, more similar in nature to an opening argument at trial than a 'short plain statement of the claim showing that the pleader is entitled to relief,' is prolix and unnecessarily dramatic at this stage of the lawsuit." *Benchmark Const., LLC v. Scheiner Commercial Grp., Inc.*, No. 2:12-CV-00762, 2013 WL 1288646, at *1 (D. Utah Mar. 26, 2013) (internal citation omitted).

35.     Second, the amended complaint contains "case citations and substantive footnotes, which are inconsistent with the requirements of Rule 8(a)(2)." *Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Estate, LLC*, No. 18-80407-CIV, 2018 WL 6727315, at *20 (S.D. Fla. Dec. 22, 2018). The footnotes are particularly problematic, as they contain both unnecessary legal argument and numerous hyperlinks to internet sources, including to news articles and YouTube videos.

36. Third, most of the numbered paragraphs in the amended complaint consist of multiple sentences and a mishmash of factual allegations, legal argument, and citations to various sources, which "fails to meet the pleading requirements of Rule 8." *Smith v. Dir.'s Choice, LLP*, No. CV 15-81 (JBS/AMD), 2016 WL 7165739, at *3 (D.N.J. July 28, 2016). In addition to violating Rule 8, these paragraphs likely also violate Rule 10, which requires that a party "state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." Fed. R. Civ. P. 10(b) (emphasis added).

37. Finally, the amended complaint is rife with "argument," "stories," "evidence," and "summaries," all of which fail to comply with Rule 8's pleading requirements. *Lance v. Commerce Tr. Co.*, No. 2:15-CV-0341-GEB-KJN, 2015 WL 1530674, at *4 (E.D. Cal. Apr. 3, 2015); *see also Aguirre v. Cal-W. Reconveyance Corp.*, No. 2:11-CV-06259-ODW-JEMX, 2012 WL 13012386, at *1 (C.D. Cal. Apr. 11, 2012) ("In compliance with Rule 8, Plaintiff must eliminate all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like from his complaint." (Citations and quotation marks omitted)).

38. Each of these elements, taken alone, violates Rule 8's "short and plain statement" requirement.

39. When taken together, they reveal something more akin to a legal brief or a policy paper than a pleading consisting of "simple, concise, and direct" allegations of fact.

40. These features make the complaint unnecessarily difficult and time consuming to answer, which is only exacerbated in this case by the need to conduct significant discovery on an expedited track to accommodate the plaintiffs' request for trial before the New Hampshire presidential primary.

41. The Court should accordingly dismiss the amended complaint for failure to comply with Rule 8, or, alternatively, specify portions of the amended complaint that the defendants do not need to answer because they fail to comply with Rule 8.

## CONCLUSION

42. In sum, the individual plaintiffs' "confusion" claim is not cognizable under the First and Fourteenth Amendments, and must accordingly be dismissed. Additionally, the amended complaint fails to comply with Rule 8.

43. No separate memorandum of law is required in support of this motion, as all of the relevant legal authority relied upon is cited herein. LR 7.1(a)(2).

WHEREFORE, the defendants respectfully request that this Honorable Court:

A. Dismiss Count I of the individual plaintiffs' amended complaint, ECF Doc. No. 68, for failure to state a claim;

B. Dismiss the individual plaintiffs' amended complaint for failure to comply with Rule 8 or, alternatively, specify that the defendants need only answer those portions of the amended complaint that comply with Rule 8; and

C. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

WILLIAM M. GARDNER, in his official capacity as the Secretary of State of the State of New Hampshire, and GORDON J. MACDONALD, in his official capacity as the Attorney General of New Hampshire

By their attorneys,

THE OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| Dated: November 13, 2019 | /s/ Samuel R.V. Garland |
| | Seth M. Zoracki, Bar No. 267887 |
| | Assistant Attorney General |
| | Anthony J. Galdieri, Bar No. 18594 |
| | Senior Assistant Attorney General |
| | Samuel R.V. Garland, Bar No. 266273 |
| | Attorney |
| | Civil Bureau |
| | New Hampshire Department of Justice |
| | 33 Capitol Street |
| | Concord, NH 03301 |
| | (603) 271-3650 |
| | |
| | *and* |
| | |
| | Bryan K. Gould, Esq. (NH Bar #8165) |
| | Cooley A. Arroyo, Esq. (NH Bar #265810) |
| | Cleveland, Waters and Bass, P.A. |
| | 2 Capital Plaza, P.O. Box 1137 |
| | Concord, NH 03302-1137 |
| | (603) 224-7761 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 13th day of November, 2019 on all counsel of record, via this court's ECF electronic filing system.

| | |
|---|---|
| Dated: November 13, 2019 | /s/ Samuel R.V. Garland |
| | Samuel R.V. Garland |