UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Caroline Casey, et al.

        v.                                        Civil No. 19-cv-149-JL
                                                  Opinion No. 2019 DNH 199
NH Secretary of State, et al.

**Order Certifying Question
to the New Hampshire Supreme Court**

In this voting rights case, two young New Hampshire voters and the New Hampshire

Democratic Party challenge recent changes to New Hampshire's statutory definitions of

"resident" and "residence."  They allege that the impact of these changes remains unclear.  But

they allege that the changes were intended to burden the right to vote, by indirectly making voter

registration an effective declaration of residency that triggers obligations and fees for drivers and

vehicle owners under New Hampshire's Motor Vehicle Code.  The plaintiffs allege that if the

changes have this intended effect, the resulting statutory scheme violates the First, Fourteenth,

Twenty-Fourth, and Twenty-Sixth Amendments.  The plaintiffs argue that the statutory changes

did not achieve the intended effect.  But they allege that the unresolved confusion over the

impact of the changes itself burdens the right to vote, violating the First and Fourteenth

Amendments.

The plaintiffs' constitutional claims are intertwined with several questions of New

Hampshire law upon which this court has found no controlling precedent.  Resolution of these

questions may be determinative.  Pursuant to New Hampshire Supreme Court Rule 34, this court

thus certifies the following questions to the New Hampshire Supreme Court:

- Are the definitions of "resident" and "residence" in RSA § 21:6 and :6-a, as
  recently amended, effectively the same as the definition of "domicile" as used

in RSA § 654:1, such that one with a New Hampshire "domicile" is
necessarily a New Hampshire "resident"?

- Is a student who claims a New Hampshire "domicile" pursuant to RSA §
  654:1-a necessarily a New Hampshire resident under RSA § 21:6, as recently
  amended?

- Can an individual with a New Hampshire "domicile" pursuant to RSA § 654:1
  ever be an individual "who claims residence in any other state for any
  purpose" and thus is not a "resident" for the purposes of RSA § 259:88?

- Relatedly, does an individual who claims a New Hampshire "domicile" pursuant to
  RSA § 654:1, I or I-a necessarily establish "a bona fide residency" for the purposes of
  RSA §§ 261:45 and 263:35?

- Given the definition of non-resident in RSA § 259:67, I for the Motor Vehicle Code,
  are college students who reside in New Hampshire for more than six months in any
  year required to obtain New Hampshire drivers' licenses by RSA § 263:1 if they wish
  to drive in the state and required by RSA § 261:40 to register in New Hampshire any
  vehicles they keep in the state?

## I.   <u>Facts</u>

The court acknowledges that the New Hampshire Supreme Court is familiar with much

of the background underlying this case.  <u>See</u> Opinion of the Justices, 171 N.H. 128 (2018).  What

follows is a summary of both the facts and relevant legal context of this federal civil rights

litigation.

This case involves three areas of New Hampshire law:  elections statutes, statutory

construction provisions, and motor vehicle statutes.  The plaintiffs' civil rights action challenges

recent changes to N.H. Rev. Stat. Ann. §§ 21:6 and 21:6-a, which altered statutory definitions of

"resident" and "residence."  They claim that these changes, or confusion resulting from the

changes, burden the right to vote and violate the First, Fourteenth, Twenty-Fourth, and Twenty-

Sixth Amendments to the U.S. Constitution.  2018 House Bill 1264 implemented these changes,

and they became law on July 1, 2019.  For simplicity and consistency with the parties' papers,

the court will refer to the changes collectively as HB 1264.

### A.    New Hampshire law prior to HB 1264

New Hampshire election law provides that:

> Every inhabitant of the state, having a single established domicile for voting
> purposes, being a citizen of the United States, of the age provided for in Article
> 11 of Part First of the Constitution of New Hampshire, shall have a right at any
> meeting or election, to vote in the town, ward, or unincorporated place in which
> he or she is domiciled.  An inhabitant's domicile for voting purposes is that one
> place where a person, more than any other place, has established a physical
> presence and manifests an intent to maintain a single continuous presence for
> domestic, social, and civil purposes relevant to participating in democratic self-
> government.  A person has the right to change domicile at any time, however a
> mere intention to change domicile in the future does not, of itself, terminate an
> established domicile before the person actually moves.

N.H. Rev. Stat. Ann. § 654:1, I.

Voting is thus conditioned on domicile.  The statute also specifically addresses students:

"A student of any institution of learning may lawfully claim domicile for voting purposes in the

New Hampshire town or city in which he or she lives while attending such institution of learning

if such student's claim of domicile otherwise meets the requirements of RSA 654:1, I."  N.H.

Rev. Stat. Ann. § 654:1, I-a1.  The voter statute does not refer to "resident" or "residence".

Chapter 21 of Title I of the New Hampshire Code ("Statutory Construction") provides

rules of statutory interpretation and definitions applicable under the Code.  These include the

definitions of "resident" and "residence" altered by HB 1264.  Prior to the recent changes,

Section 21:6 provided:

> A resident or inhabitant or both of this state and of any city, town or other
> political subdivision of this state shall be a person who is domiciled or has a place
> of abode or both in this state and in any city, town or other political subdivision of
> this state, and who has, through all of his actions, demonstrated a current intent to
> designate that place of abode as his principal place of physical presence <u>for the
> indefinite future</u> to the exclusion of all others.

N.H. Rev. Stat. Ann. § 21:6 (2018) (amended 2019) (emphasis added).  And Section 21:6-a similarly provided that:

> Residence or residency shall mean a person's place of abode or domicile.  The place of abode or domicile is that designated by a person as his principal place of physical presence <u>for the indefinite future</u> to the exclusion of all others.  Such residence or residency shall not be interrupted or lost by a temporary absence from it, if there is an intent to return to such residence or residency as the principal place of physical presence.

N.H. Rev. Stat. Ann. § 21:6-a (2018) (amended 2019) (emphasis added).  Prior to the recent changes implemented by HB 1264, individuals were not deemed "residents" unless they intended to remain in New Hampshire "for the indefinite future."

Finally, this case implicates certain motor vehicle statutes because these provisions impose obligations on New Hampshire "residents."  Section 259:88 addresses "resident for motor vehicle purposes" and provides that "'[r]esident' shall mean a resident of the state as defined in RSA 21:6, except that no person shall be deemed to be a resident who claims residence in any other state for any purpose." N.H. Rev. Stat. Ann. § 259:88.  A motor vehicle owner or driver that establishes bona fide residency in New Hampshire takes on certain legal obligations.

> [W]hen a nonresident has established a bona fide residency in this state, said resident shall have a maximum of 60 days from the date of his or her residency in which to register his or her vehicle or vehicles in New Hampshire.

N.H. Rev. Stat. Ann. § 261:45.

> [A]ny nonresident driver of a motor vehicle who holds a valid driver's license in another jurisdiction, upon the establishment of a bona fide residency in this state, shall have a maximum of 60 days from the date his residency was established to obtain a driver's license issued by the state of New Hampshire.

N.H. Rev. Stat. Ann. § 263:35.

### B.    HB 1264's changes

HB 1264 amended the definition of "resident" and "residence" in sections 21:6 and 21:6-a to remove the requirement that a resident intend to remain "for the indefinite future."  The bill was introduced in the New Hampshire House of Representatives in November 2017, and by May 2018 was passed by both the House and New Hampshire Senate.[1]  The plaintiffs allege that the bill was a voting measure, primarily intended to discourage college students from voting in New Hampshire elections.[2]  The aim of the bill, they allege, was to make "residency" equivalent to "domicile," so that registering to vote would effectively declare residency and trigger exposure to motor vehicle obligations and fees.[3]  The plaintiffs allege that the bill intended to require college students to incur the cost and burden of obtaining New Hampshire drivers licenses and registering their cars (if they own cars) in New Hampshire if they wish to both vote in New Hampshire and drive or own vehicles in the state.[4]  Before HB 1264's changes, many such students could be domiciled in New Hampshire (and vote) under the election statutes without being residents under motor vehicle law, because they lacked the then-statutorily-required intent to remain for the indefinite future.

The plaintiffs point to various aspects of the legislative record to support their account of HB 1264.  They allege that the bill was considered by the election law committees of the legislature, and that the Division of Motor Vehicles did not assess the bill.[5]  Instead, the plaintiffs

---

[1] Casey Am. Compl. (doc. no. 68) ¶¶ 15-17; NHDP Am. Compl. (doc. no. 69) ¶¶ 14-16.

[2] Casey Am. Compl. (doc. no. 68) ¶¶ 18-20; NHDP Am. Compl. (doc. no. 69) ¶¶ 17-19.

[3] Id.

[4] Id.

[5] Casey Am. Compl. (doc. no. 68) ¶ 18; NHDP Am. Compl. (doc. no. 69) ¶ 17.

allege, the Secretary of State's office advocated for and testified about the bill.[6]  They also cite

alleged statements by legislators presenting the bill as a voting measure designed to discourage

certain groups from voting or at least impose costs on them.[7]  HB 1264 also fits, according to the

plaintiffs, within a pattern of recent legislative efforts to discourage voting by college students.[8]

After HB 1264 passed the legislature, the Governor and Executive Council requested that

the Justices of the New Hampshire Supreme Court opine on the constitutionality of the bill under

the New Hampshire Constitution and the Fourteenth Amendment of the U.S. Constitution.

Opinion of the Justices, 171 N.H. 128, 131-32 (2018).  A majority of three Justices determined

that it was proper to issue an advisory opinion on these questions, and concluded that the bill did

not violate either constitution.  The "incongruity" between the definitions of "domicile" and

"residency," they explained, resulted from this court's 1972 decision in Newburger v. Peterson

that domicile for voting purposes could not be conditioned on an indefinite intention-to-remain

test. Opinion, 171 N.H. at 138-139, 145 (citing Newburger, 344 F.Supp. 559 (D.N.H. 1972)).

After Newburger, New Hampshire amended its law regarding domicile for voting purposes to

remove the indefinite intention-to-remain requirement.  Opinion, 171 N.H. at 138.  Because the

definition of "residency" was left unchanged, the majority explained, certain groups were

permitted "to vote in New Hampshire without incurring responsibility for . . . obligations of state

citizenship," producing "an imbalance of rights and responsibilities." Id. at 145.  They opined

that New Hampshire is not required to maintain that imbalance, and that even if the right to vote

was burdened, the state "has a compelling justification" in "insuring that those who are permitted

---

[6] Casey Am. Compl. (doc. no. 68) ¶¶ 18-19; NHDP Am. Compl. (doc. no. 69) ¶¶ 17-18.

[7] Casey Am. Compl. (doc. no. 68) ¶¶ 20-23; NHDP Am. Compl. (doc. no. 69) ¶¶ 19-22.

[8] Casey Am. Compl. (doc. no. 68) ¶¶ 24-29; NHDP Am. Compl. (doc. no. 69) ¶¶ 23-28.

to vote are bona fide residents who share a community of interest with other citizens." Id. at 142. Two other Justices wrote separately. They declined to opine on the submitted questions because they determined that resolving the questions appropriately would require a developed factual record. See id. at 154, 156-574.

After the Justices issued their advisory opinion, the governor signed the bill.[9] The new law took effect on July 1, 2019.[10]

### C.    These lawsuits

The individual plaintiffs, Caroline Casey and Maggie Flaherty, filed their complaint in mid-February 2019, and the New Hampshire Democratic Party filed its complaint two weeks later. These complaints were identical except for the paragraphs describing the plaintiffs. Casey and Flaherty are students at Dartmouth College who both wish to vote in New Hampshire while attending the school but do not intend to remain in New Hampshire after graduation.[11] They currently have driver's licenses from other states, and both registered to vote in New Hampshire in 2018. They allege that they will suffer injury if they must incur the expense and trouble of obtaining New Hampshire driver's licenses. Neither alleges that they own a vehicle, so their claims do not implicate the requirement to register a vehicle in New Hampshire.[12]

The New Hampshire Democratic Party alleges that it is harmed by HB 1264 because voters inclined to support its candidates "will incur onerous fees to register to vote or will be too

---

[9] Casey Am. Compl. (doc. no. 68) ¶ 17; NHDP Am. Compl. (doc. no. 69) ¶ 16.

[10] Casey Am. Compl. (doc. no. 68) at 1; NHDP Am. Compl. (doc. no. 69) at 1.

[11] Casey Am. Compl. (doc. no. 68) ¶¶ 1-2.

[12] Id.

intimidated to register or vote at all."[13]  The court, on the defendants' motion and with the assent of the plaintiffs, consolidated the two cases.[14]

The defendants moved to dismiss the plaintiffs' claims for lack of standing and failure to state claims.  The court denied these motions.[15]  The court then ordered the parties to provide their views on certifying certain questions to the New Hampshire Supreme Court.[16]  Days later, the plaintiffs moved to amend their complaints.  In their original complaints, the plaintiffs' arguments assumed that HB 1264 achieved its alleged intended effect.  In their amended complaints, the plaintiffs instead contended that the bill failed to accomplish its goal, because it left in place the exception of RSA § 259:88 that "no person shall be deemed to be a resident" for the purposes of the Motor Vehicle Code "who claims residence in any other state for any purpose."  They argue that registered voters with an out-of-state driver's license or vehicle registration claim residence in another state for some purpose, and so are not residents for the purposes of the Motor Vehicle Code.  The plaintiffs alleged that this ambiguity and the defendants' failure to give adequate guidance on the law created voter confusion that impermissibly burdens the right to vote in violation of the First and Fourteenth Amendments. The court granted the plaintiffs leave to amend, over the defendants' objection.  The defendants later moved to dismiss the confusion-based claims.[17]  These motions are stayed pending the certification described therein.

---

[13] NHDP Am. Compl. (doc. no. 69) ¶ 1.

[14] Order of May 1, 2019.

[15] Order of August 29, 2019 (doc. no. 47).

[16] Order of October 9, 2019 (doc. no. 56).

[17] Mots. to Dismiss (docs. no. 74 and 75).

The parties responded to the court's request for their views on certification. The plaintiffs supported certification on the condition that the court enter a temporary order prohibiting the State from using evidence of voter registration in any judicial or administrative enforcement of RSA §§ 261:45 and 263:35 and requiring the Secretary of State to inform local election officials that the act of voting in the 2020 New Hampshire Presidential Primary or registering to vote at or before that primary election would not require a person to obtain a New Hampshire driver's license or vehicle registration. The defendants opposed certification as unnecessary and declined to agree to the temporary relief requested by the plaintiffs.

After oral argument, the court indicated that it was inclined to certify certain issues to the New Hampshire Supreme Court, but declined to issue any temporary injunctive order without the defendants' consent, which they declined to provide. The court set a briefing schedule for the plaintiffs to move for a preliminary injunction. The plaintiffs limited their motions to their confusion-based claims. On the day after the plaintiffs filed this motion, the Attorney General, Secretary of State, and Commissioner of Public Safety signed a letter to the Town Clerk of Hanover and copied to all election officials that purportedly "sets forth in simple terms the effect of" HB 1264.

The court held an evidentiary hearing and oral argument, and has denied the motions for preliminary injunctions (see doc. no. 87). At the hearing, the court expressed no opinion on whether the plaintiffs might secure temporary relief from the New Hampshire Supreme Court pending the resolution of the statutory interpretation questions here certified.

### D.     Evidence presented by the parties

The plaintiffs submitted affidavits or declarations from ten witnesses, two of whom testified at the evidentiary hearing. The defendants submitted declarations from two witnesses,

one of whom testified at the evidentiary hearing.  These declarations and the transcript of the

evidentiary hearing are available to counsel and the New Hampshire Supreme Court should they

deem them relevant or useful with respect to the issues of state law described below.  This court

also discusses this evidence in its order on the motions for preliminary injunctions (doc. no. 87).

## II.    **State law issues**

New Hampshire Supreme Court Rule 34 provides:

> This court may answer questions of law certified to it by the Supreme Court of the
> United States, a court of appeals of the United States, or of the District of
> Columbia, or a United States district court when requested by the certifying court
> if there are involved in any proceeding before it questions of law of this State
> which may be determinative of the cause then pending in the certifying court and
> as to which it appears to the certifying court there is no controlling precedent in
> the decisions of this court.

> This rule may be invoked by an order of any of the courts referred to above upon
> that court's own motion or upon the motion in that court of any party to the cause.

There are potentially determinative issues of New Hampshire law in this case.  While it

falls to this court (in this case) to determine the constitutional permissibility of the statutory

enforcement scheme at least arguably created by HB 1264, it is impossible for the court to assess

the scheme without resolving several state law questions about the meaning and interaction of

New Hampshire statutes.  The meaning of New Hampshire statutes is best (and only

conclusively) determined by the New Hampshire Supreme Court.  Furthermore, the plaintiffs

have urged the court to apply the canon of constitutional avoidance.[18]  See State v. Paul, 167

N.H. 39, 44-45 (2014) (describing the "well-established doctrine"); Northwest Austin Mun.

Utility Dis. No. One v. Holder, 557 U.S. 193, 205 (2009) (same).  The New Hampshire Supreme

Court is better equipped to determine if it is "reasonably possible . . . to construe a [New

---

[18] Casey Am. Compl. (doc. no. 68) ¶ 14.

Hampshire] statute so as to avoid bringing it into conflict with the constitution."  Paul, 167 N.H. at 45.  This court is thus certifying these necessary questions of New Hampshire law to the New Hampshire Supreme Court.  The answers to these questions could result in one or more interpretations of the enforcement regime that do not implicate the federal constitutional right to vote in any way.[19]

**Domicile and student domicile.**  The parties in this case presume that an individual who is a New Hampshire domiciliary under RSA § 654:1 is necessarily a resident of New Hampshire under RSA § 21:6, as recently amended.  If this assumption is accurate, an individual who certifies that he or she is a New Hampshire domiciliary in registering to vote would effectively admit that he or she is also a New Hampshire resident, and potentially be subject to the legal requirements of residency.

The same assumption was made by the Justices of the New Hampshire Supreme Court and all of the involved parties when the Governor and Executive Council sought an advisory opinion regarding the constitutionality of HB 1264.  The certified questions there assumed that the bill "subject[ed] those who are domiciled in New Hampshire for voting purposes to the same legal requirements as those who are residents of New Hampshire, including but not limited to the requirements to take actions required by RSAs 261:45 and 263:35 and to pay any fees or taxes associated therewith."  Opinion of the Justices, 171 N.H. 128, 131–32 (2018).

The opinion of Chief Justice Lynn and Justices Hantz-Marconi and Donovan stated:

By removing the words "for the indefinite future" from RSA 21:6 and :6-a, HB 1264 makes the definitions of "resident" and "residence" as used in those statutes

---

[19] Several rules and canons of New Hampshire statutory interpretation, such as the rule against surplusage, or the presumption against implied repeals, see Winnacunnet Co-op. School Dist. v. Town of Seabrook, 148 N.H. 519, 525-26 (2002); Bd. of Selectmen v. Planning Bd., 118 N.H. 150, 152-153 (1978), could impact the Court's consideration of these questions, especially since the Court is being asked to apply the constitutional avoidance canon.  See supra Part II.

effectively the same as the definition of "domicile" as used in RSA 654:1, I, notwithstanding that the text of the amended version of RSA 21:6 and :6-a, on the one hand, and RSA 654:1, I, on the other, is not identical.

Id. at 139-40; see id. at 145 (describing HB 1264 as "equalizing the legal standard for domicile for voting purposes with the legal standard for residence for other purposes").   These Justices also noted that "[n]one of the parties who have submitted memoranda in support of or in opposition to HB 1264 disputes that the bill makes the definitions of 'resident' and 'residence' in RSA 21:6 and :6-a equivalent to the definition of 'domicile' in RSA 654:1, I." Id. at 140 n.4 (emphasis added).  The separate opinion of Justices Hicks and Bassett similarly explained:

> Both the proponents and opponents of HB 1264 posit that the proposed amendments will render the statutory definitions of "resident" and "residence" equivalent to the statutory definition of "domicile." See RSA 654:1, I (2016). Assuming this to be the case for purposes of this advisory opinion, HB 1264, if it were to become law, would subject those who are "domiciled" in New Hampshire for voting purposes to the same legal requirements as those who are "residents" of the State—e.g., HB 1264 would require them to register their vehicles here, see RSA 261:45 (Supp. 2017), and to obtain a New Hampshire driver's license, see RSA 263:35 (2014).

Id. at 149-50 (emphasis added).

Although, as an advisory opinion, Opinion of the Justices is not binding law, there is indirect support for the parties' assumption in binding New Hampshire law:

> The basic difference between a "resident" and a person who merely has a New Hampshire "domicile," is that a "resident" has manifested an intent to remain in New Hampshire for the indefinite future, while a person who merely has a New Hampshire "domicile" has not manifested that same intent.

Guare v. State, 167 N.H. 658, 662 (2015).  As HB 1264 removed this "basic difference," it arguably rendered those who have a New Hampshire domicile "residents."

But confirming this supposed equivalence is crucial to resolving the plaintiffs' claims.  If registering to vote does not in effect claim or admit New Hampshire residency, the potential

harms alleged by the plaintiffs would not come to pass and any voter confusion could be easily alleviated.

A further issue arises because the individual plaintiffs in this case are college students. RSA § 654:1-a specifically addresses college students. If this student-specific domicile provision alters the assumed relationship between "domicile" and "residence," it may resolve the individual plaintiffs' claims. If a student who claims domicile only via RSA § 654:1-a does not in effect claim or admit New Hampshire residency, the alleged burdens on the right to vote do not result.

**Claiming residence in another state.** Another question arises from RSA § 259:88, which defines "resident" for the purposes of the Motor Vehicle Code: "'Resident' shall mean a resident of the state as defined in RSA 21:6, except that no person shall be deemed to be a resident <u>who claims residence in any other state for any purpose</u>." N.H. Rev. Stat. Ann. § 259:88 (emphasis added). In their amended complaints, the plaintiffs argue that this exception includes those who possess out-of-state driver's licenses or have cars registered out of state. The plaintiffs have identified one New Hampshire case briefly citing this provision. <u>State v. Colley</u>, Case No. 462-2014-CR-00855 (5th Circuit—District Division—Newport April 16, 2015) (dismissing charge of failing to obtain a New Hampshire license against defendant with Florida license who was also registered to vote in Florida). This court has found no other New Hampshire authority interpreting this language, or similar language elsewhere in the New Hampshire Code. <u>See</u> N.H. Rev. Stat. Ann. §§ 207:1, 215-A:1; 215-C:1.

If a registered voter can both claim a New Hampshire domicile and claim residence for motor vehicle purposes in another state, the plaintiffs would not face the harms they fear. The application might also depend on the student-specific domicile provision. If a college student

with an out-of-state license can "claim domicile for voting purposes" in New Hampshire

pursuant to RSA § 654:1, I-a, but is excluded from the definition of resident in RSA § 259:88

because he or she claims residence for motor vehicle purposes in another state, the individual

plaintiffs would not incur the licensing and registration obligations at issue here.

**Bona fide residency.**  The language of RSA §§ 261:45 and 263:35 raises a further,

similar question.  These statures require a nonresident who establishes "a bona fide residency" in

New Hampshire to obtain a New Hampshire driver's license if he or she drives and registers any

vehicles in New Hampshire.  If a student "claim[s] domicile for voting purposes" under RSA

§ 654:1, I-a, does he or she establish a "bona fide residency"?  If not, the individual plaintiffs'

right to vote is not burdened as alleged.

**Non-resident motor vehicle requirements.**  The defendants' opposition to the motions

for preliminary injunctions raised an additional state law question.[20]  The defendants cite RSA

§ 259:67, I, which provides that:

> [A] nonresident, having a regular abode or place of business within the state for more
> than 6 months in any year, shall be deemed a resident as to all vehicles principally used in
> connection with such abode or place of business and the director for the purposes of
> registration shall determine what vehicles are so used.

The defendants argue that this statute means that the individual plaintiffs and most college

students were required to obtain New Hampshire driver's licenses and register any vehicles they

kept in New Hampshire before HB 1264 and independent of their voter registration.  If plaintiffs

---

[20] The plaintiffs' motions for preliminary injunctions made certain arguments under the New
Hampshire Constitution.  Casey Mem. in Supp. of Mot. for Prelim. Inj. (doc. no. 72-15) at 32, 33
n. 16 (arguing that Part I, Art. 11 guarantees the right to vote to all domiciliaries and bars any
additional restrictions on the right to vote).  The New Hampshire Supreme Court considered the
application of Part I, Article 11 in its advisory opinion.  Opinion of the Justices, 171 N.H. 128,
131–32, 141, 151, 155-56 (2018).  But the questions raised by the plaintiffs' arguments are too
indefinite and tangential to warrant certification at this time.

are correct, the individual plaintiffs' alleged harms would not flow from HB 1264, and all of the alleged burdens alleged by the plaintiffs might be significantly reduced in scope.

## III.   Certified Questions

For the reasons set forth in this order, the court certifies the following questions to the New Hampshire Supreme Court:

- Are the definitions of "resident" and "residence" in RSA § 21:6 and :6-a, as recently amended, effectively the same as the definition of "domicile" as used in RSA § 654:1, such that one with a New Hampshire "domicile" is necessarily a New Hampshire "resident"?

- Is a student who claims a New Hampshire "domicile" pursuant to RSA § 654:1-a necessarily a New Hampshire resident under RSA § 21:6, as recently amended?

- Can an individual with a New Hampshire "domicile" pursuant to RSA § 654:1 ever be an individual "who claims residence in any other state for any purpose" and thus is not a "resident" for the purposes of RSA § 259:88?

- Relatedly, does an individual who claims a New Hampshire "domicile" pursuant to RSA § 654:1, I or I-a necessarily establish "a bona fide residency" for the purposes of RSA §§ 261:45 and 263:35?

- Given the definition of non-resident in RSA § 259:67, I for the Motor Vehicle Code, are college students who reside in New Hampshire for more than six months in any year required to obtain New Hampshire drivers' licenses by RSA § 263:1 if they wish to drive in the state and required by RSA § 261:40 to register in New Hampshire any vehicles they keep in the state?

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  November 27, 2019

cc:    Dale E. Ho, Esq.
       Gilles R. Bissonnette, Esq.
       Julie E. Ebenstein, Esq.

Theresa J. Lee, Esq.
Henry Klementowicz, Esq.
William E. Christie, Esq.
James Joseph Armillay, Jr., Esq.
Suzanne Amy Spencer, Esq.
Anthony Galdieri, Esq.
Bryan K. Gould, Esq.
Cooley Ann Arroyo, Esq.
Samuel R.V. Garland, Esq.
Seth Michael Zoracki, Esq.