# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

```
*************************************
CAROLINE CASEY, et al.,                *
                                       *
            Plaintiffs,                *
    v.                                 *
                                       *
WILLIAM M. GARDNER, Secretary of       *
State of the State of New Hampshire,   *
in his official capacity, et al.,      *
                                       *
            Defendants.                *
                                       *
*************************************       Case No. 19-cv-00149-JL
NEW HAMPSHIRE DEMOCRATIC,              *     (Consolidated Cases)
PARTY, By Raymond Buckley, Chair,      *
                                       *
            Plaintiff,                 *
    v.                                 *
                                       *
WILLIAM M. GARDNER, in his official    *
Capacity as New Hampshire Secretary of *
State, et al.,                         *
                                       *
            Defendants.                *
                                       *
*************************************
```

## DEFENDANTS' MOTION TO RECONSIDER – EXPEDITED TREATMENT (L.R. 7.1(f))

The defendants, William M. Gardner, in his official capacity as New Hampshire Secretary of State, and Gordon J. MacDonald, in his official capacity as New Hampshire Attorney General, hereby move to reconsider the Court's May 14, 2020 Order, moving the trial date in this matter from the two-week period beginning May 26, 2020 to the two-week period beginning June 8, 2020, over defense counsel's representation that such a continuance will cause

1

defense counsel extreme prejudice and impair their ability to try this case.  In support thereof, the defendants state as follows:

1. The defendants argued early on in this case that the answers to the questions the court proposed to certify to the New Hampshire Supreme Court would affect how discovery should proceed and how the evidence in this case was put in at trial.

2. The plaintiffs appeared to have a fractured position.  Counsel for the New Hampshire Democratic Party believed the answers to the certified questions would affect how the evidence was put in at trial.  Counsel for the individual plaintiffs did not want to commit to that approach and did not want to give up an expedited trial date.

3. As a result, in early January 2020, trial in this matter was rescheduled for the two-week period beginning May 4, 2020.

4. On March 10, 2020, the New Hampshire Supreme Court held oral argument on the certified questions.

5. Shortly thereafter, the COVID-19 outbreak occurred in the United States.

6. The President declared a state of emergency, Governors began declaring states of emergency including in New Hampshire, and society began shutting down and operating remotely.

7. To accommodate keeping this case on an expedited schedule, the parties met and conferred in late March 2020 and continued the existing trial date to the two-week period beginning May 26, 2020, in order to complete approximately twelve (12) remote depositions, finish discovery, and prepare for trial.  The defendants proposed at that time continuing the trial date to the two-week period beginning June 1, 2020.  The plaintiffs rejected that.

8. The majority of the depositions to follow took place within a short period of time, between April 13, 2020 and April 29, 2020, consuming vast resources and the majority of defense counsel's time, along with other discovery matters related to this case.

9. During this period of time, defense counsel has also been involved in emergency litigation related to the COVID-19 outbreak, including *Binford v. Sununu*, Docket No. 217-2020-CV-00152, Merrimack County (which occurred in mid-March) (Attorneys Galdieri and Garland) and *Wallner v. Sununu*, Docket No. 216-2020-CV-00342, Hillsborough County, Northern District (which occurred in mid-April) (Attorney Galdieri).

10. Despite these issues, the defendants, through defense counsel, worked to complete discovery by May 1, 2020.

11. Defense counsel completed this work under the following conditions: the Civil Litigation Unit of the Attorney General's Office has 6 full-time litigator positions; Attorney Zoracki provides client counseling services to certain state agencies in addition to being a litigator; Attorney Galdieri serves as Chief of the unit and has administrative obligations that go beyond being involved in litigation; 2 of the Unit's full-time litigation positions are vacant; litigator works loads have increased as a result of these vacancies; most of the litigators, including those assigned to this case, have been working remotely due to the COVID-19 outbreak.

12. On May 1, 2020, when discovery closed, the plaintiffs did not raise moving the upcoming trial date nor did the Court issue any sort of notice informing the parties that it believed it could not try this case, as opposed to decide this case, without the New Hampshire Supreme Court's opinion.

13. As a result, the defendants began preparing for trial, including moving all existing court deadlines in May and early June to late June, making arrangements within the Attorney General's Office to try the case remotely, and making arrangements in their personal lives to be available for the trial.

14. Defense counsel mentioned extended deadlines during the May 14, 2020 conference. They include:

   a. *Genworth Life Insurance Company v. New Hampshire Department of Insurance*, Case No. 2019-0727 (N.H. Supreme Ct.) – 9,500 word Answering Brief originally due May 13, 2020 to New Hampshire Supreme Court; by order of the New Hampshire Supreme Court entered the morning of May 14, 2020, deadline to submit Answering Brief has been moved to June 22, 2020. *See* Exhibit A.

   b. *Contoocook Valley Regional School District v. State*, 2019-0500 (N.H. Supreme Ct.) – 9,500 word Reply Brief (case involves a cross-appeal) originally due May 20, 2020 to New Hampshire Supreme Court; extension requested until June 26, 2020; subject to opposition; N.H. Supreme Court granted the motion May 15, 2020. *See* Exhibit B.

   c. *Doe v. Commissioner*, 1:18-cv-1039 (D.N.H.) – Answer to plaintiffs' amended 57-page complaint and Answer to plaintiff-intervenor's 33-page complaint due May 14 & 15, 2020; moved by assented-to motion to June 26, 2020; orders entered May 14, 2020. *See* Exhibit C.

15. Defense counsel also has deadlines in other pending matters with which an incrementally moved trial date now conflicts and creates problems. They include:

   a. *Maravelias v. Coughlin*, 19-2244 (1st Cir.) – Answering Brief due to the First Circuit Court of Appeals on June 12, 2020. *See* Exhibit D.

   b. *Maravelias v. NH Supreme Court*, 1:19-cv-00487-JL (D.N.H.) – Motion to Dismiss hearing scheduled for June 12, 2020 at 10:00am. *See* Exhibit E.

   c. *Perfetto v. N.H. Dept. of Corrections*, 1:18-cv-00554-JL (D.N.H.) – Deadline to Answer or Otherwise Plead, June 17, 2020. *See* Exhibit F.

   d. *Willot v. New Hampshire Department of Health and Human Services*, 2020-0042 (N.H. Supreme Ct.) – Answering Brief due to the New Hampshire Supreme Court on July 13, 2020. See Exhibit G.

4

16. Defense counsel also worked to ensure that Attorney Zoracki, who also serves as counsel to multiple state agencies, could devote all of his time to this case until the trial ended in early June.

17. The COVID-19 pandemic has also caused disruption to family and childcare schedules. Members of the defense counsel team had secured alternative childcare arrangements based on trial beginning the two-week period of May 26, 2020. Now, other arrangements have to be made on extremely short notice. The additional arrangements necessary because of the pandemic are real and require lead time

18. In short, slowly dragging this two-week trial across the month of June in two-week increments will result in substantial prejudice to the defendants and their counsel.

19. At the May 14, 2020 conference, the parties discussed with the Court continuing the trial in this matter.

20. The plaintiffs asserted that they could not try this case without the New Hampshire Supreme Court's order on the certified questions and proposed a one-to-two week extension of the trial date.

21. The defendants represented that an extension of the trial date into mid- and/or – late June 2020 would be unworkable for them. Defense counsel proposed instead a one-week trial extension.

22. The Court indicated that it was considering a two-week extension into June 2020.

23. Defense counsel reiterated that such a move would cause it extreme prejudice and would require it to move all of the existing deadlines it had already moved in reliance on the current trial schedule.

24. The Court indicated that it understood defense counsel's position.

25. Then, on May 14, 2020, the Court issued an order extending the trial in this case into the very date range prejudicial to defense counsel.

26. The prejudice to defense counsel is compounded by the fact that the Court has permitted only ten days after the trial on the merits for the filing of post-trial memorandum, which overlaps all of defense counsel's major briefing and responsive pleading due dates.

27. The defendants expressly raised when this case was structured the need for an opportunity to move for summary judgment or have sufficient time and ability to preserve all of their legal arguments in a written submission to the Court. The post-trial memorandum in this case will be substantial. Given all of the overlapping briefing deadlines defense counsel now has to meet, a post-trial briefing deadline of ten days after the newly-continued trial ends is unworkable and highly prejudicial to the defendants.

28. The defendants therefore respectfully assert that the present continuance constitutes an abuse of discretion, places an unfair and unreasonable burden on defense counsel, and, on that basis, constitutes a "manifest error of fact or law" that should be reconsidered. Local Rule 7.2(d)

29. A" trial judge's decision on a motion to continue [is reviewed] for abuse of discretion." *United States v. Robinson*, 753 F.3d 31, 41 (1st Cir. 2014). Continuances, particularly those entered close to trial, are disfavored absent "compelling reasons" because preparing for and putting on a trial is burdensome. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Not the least of the[] [trial judge's] problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.").

30. In recognition of this, this Court's local rules state that "[t]he court will not grant continuances except in extraordinary circumstances." Local Rule 39.2. "The efficient use of court resources mandates that continuances be the exception rather than the rule." *Id.*

31. On this basis, the defendants could have entirely opposed the plaintiffs' request for a continuance in this matter, both the plaintiffs *and* the Court having not raised concern with the lack of a New Hampshire Supreme Court opinion until approximately two weeks after discovery closed and before the trial was set to begin.

32. The alleged concern regarding the lack of a New Hampshire Supreme Court opinion is that the plaintiffs do not know what evidence to present at trial.

33. But as early as December 2019, the individual plaintiffs insisted that their depositions go forward at that time, despite the possibility that the issues in this case could be reshaped by the New Hampshire Supreme Court's opinion and indicated they would move for costs against the defendants if their depositions were continued to a later date.

34. The plaintiffs insisted on traveling blindly through discovery without knowing what evidence to develop in the first instance.

35. And the defendants made certain decisions during discovery in response to the lack of a New Hampshire Supreme Court opinion.

36. Consequently, if the New Hampshire Supreme Court's opinion matters so much to the ultimate trial in this case, it is difficult to understand how this entire proceeding has not been infected with irreversible prejudice, as the parties have never had the opportunity to develop evidence in a manner consistent with whatever opinion the New Hampshire Supreme Court issues.

37. Nonetheless, in an effort to be accommodating, as they have been throughout this proceeding, the defendants and their counsel indicated that a one-week extension of the trial start date would be workable for them, without creating substantial prejudice.

38. Defense counsel detailed, however, much of the substantial prejudice that would result to their ability to prepare for and try the case (and the prejudice to their other cases) if the trial were rescheduled for mid- to late-June.

39. Instead of taking an incremental approach (a one week extension, as defendant's proposed), or exploring a wider approach (a 45 to 60 day extension), the Court decided *after* the conference with the parties and *over* defense counsel's objection to schedule the trial during the precise prejudicial time period defense counsel identified.

40. Courts do not typically schedule trials in this manner. *See United States v. Flecha-Maldonado*, 373 F.3d 170, 175 (1st Cir. 2004) ("Normally, one would expect a district court judge to grant a continuance of a trial in order to avoid an inadvertent scheduling conflict with another trial.")

41. The defendants therefore respectfully assert that the Court's May 14, 2020 order constitutes an abuse of discretion, puts an unreasonable burden on defense counsel and their office which is stretched thin to deliver a heightened level of critical legal services during a global pandemic, is manifestly unfair to the litigants in other cases from whom significant extensions of time have been sought, and provides no assurance that, even assuming a further round of continuances can be secured, the Court will not bump the trial date another week or two if the New Hampshire Supreme Court has not issued its opinion in the next two weeks.

42. Moreover, the selection of the time period to which to continue the trial is arbitrary and based entirely on speculation that the New Hampshire Supreme Court will issue its

opinion on the certified questions relatively soon. Basing a continuance on this type of arbitrary, uninformed speculation in the face of actual substantial prejudice to the defendants also constitutes an abuse of discretion. *See United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995) (indicating that an abuse of discretion occurs where a decision on continuance is made based on an "'unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay'") (quoting *Morris*, 461 U.S. at 11-12).

43. Accordingly, the defendants respectfully request that this Court reconsider its May 14, 2020 Order and, instead,, grant a one-week continuance of the trial, with the understanding that the parties will be trying the case even if the New Hampshire Supreme Court does not issue its opinion before then.

44. The defendants also respectfully request that this Court clarify its May 14, 2020 order to make it clear that nothing was decided at the May 13, 2020 conference with the parties and that the extension of time allowed was entered over the defendants' objection.

45. No separate memorandum is required in support of this motion as all of the points of law and fact raised are contained and explained herein. *See* L.R. 7.1(a)(3).

46. Good cause exists to resolve this motion on an expedited basis because absent expedited treatment the relief requested will not be meaningful or effective. *See* L.R. 7.1(f).

WHEREFORE, the defendants respectfully request that this Court:

A. Reconsider its May 14, 2020 order extending the trial start date in this case out to the two-week period beginning June 8, 2020;

B. Clarifying its May 14, 2020 order to make clear for the record that no decisions were made at the May 13, 2020 conference with the parties and that the defense counsel objected to the type of arrangement contained in the May 14, 2020 order; and

C. Granting such further relief as the court deems just and equitable.

Respectfully submitted,

WILLIAM M. GARDNER, in his official capacity as the Secretary of State of the State of New Hampshire, and GORDON J. MACDONALD, in his official capacity as the Attorney General of New Hampshire

By their attorneys,

THE OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| Dated: May 15, 2020 | /s/ Anthony J. Galdieri<br>Seth M. Zoracki, Bar No. 267887<br>Assistant Attorney General<br>Anthony J. Galdieri, Bar No. 18594<br>Senior Assistant Attorney General<br>Samuel R.V. Garland, Bar No. 266273<br>Attorney<br>Civil Bureau<br>New Hampshire Department of Justice<br>33 Capitol Street<br>Concord, NH 03301<br>(603) 271-3658 |

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served this 15th day of May, 2020 on all counsel of record, via this court's ECF electronic filing system.

| | |
|---|---|
| Dated: May 15, 2020 | /s/ Anthony J. Galdieri |