UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **CAROLINE CASEY and MAGGIE FLAHERTY**<br><br>    Plaintiffs,<br><br>    v.<br><br>**WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and**<br>**GORDON MACDONALD, in his official capacity as New Hampshire Attorney General**<br><br>    Defendants.<br><br>**NEW HAMPSHIRE DEMOCRATIC PARTY, By Raymond Buckley, Chair**<br><br>    Plaintiff,<br><br>    v.<br><br>**WILLIAM GARDNER, in his official capacity as New Hampshire Secretary of State, and**<br>**GORDON MACDONALD, in his official capacity as New Hampshire Attorney General**<br><br>    Defendants. | **Consolidated Case No.: 1:19-cv-00149-JL** |

## OBJECTION TO DEFENDANTS' MOTION TO RECONSIDER

Plaintiffs Caroline Casey and Maggie Flaherty object to Defendants' Motion to Reconsider—Expedited Treatment (L.R. 7.1(f)) (Ecf No. 98).

1. Defendants' Motion to Reconsider simply repeats the same information that Defendants expressed at the May 13, 2020 chambers conference—their belief that their schedules in other cases would cause "extreme prejudice" in the event trial in this voting rights case were continued two weeks.

2. A motion for reconsideration seeks "extraordinary remedy" and should be granted only "sparingly." *See Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). This court has recognized that simply asking the court to "mull it over again, presumably on the theory that by mere repetition—perhaps raising the level of rhetoric—the court will see it his way" is not an appropriate use of the motion. *See Frese v. MacDonald*, 1:18-cv-1180-JL, *4 (D.N.H. Feb. 14, 2020) (quoting *Nw. Bypass Grp. V. U.S. Army Corps of Eng'rs*, 552 F. Supp. 2d 137, 144 (D.N.H 2008)).

3. Plaintiffs' position has been clear from the beginning—trial should proceed expeditiously, but not before answers have been returned from the New Hampshire Supreme Court. *See Casey and Flaherty's Response to the Court's October 9, 2019 Procedural Order* at 8–9 (ECF No. 59) ("[A]s contemplated by the court in its October 9 Procedural Order, because certification appears likely, if not certain to delay resolution of this case, the Individual Plaintiffs assent to certification as long as the Court enters a temporary order. . . . If the Court is not inclined to issue such a temporary order, it should not certify the questions to the New Hampshire Supreme Court as doing so will deny the Plaintiffs meaningful judicial review of this election law before the upcoming 2020 Presidential Primary Election.")[1] This position is consistent with what Plaintiffs had believed was a shared understanding: that it would be inefficient, artificial, and

---

[1] The Proposed Pretrial Plan (ECF No. 97) further noted that "The parties reserve the right to revisit the proposed pretrial plan and seek relief from the plan if an opinion from the New Hampshire Supreme Court is not released sufficiently in advance of trial."

potentially unhelpful to the Court to try the case before receiving an opinion from the New Hampshire Supreme Court unless absolutely necessary. This is because the *Anderson-Burdick* framework places the burden on the Plaintiffs to show the burdens on the right to vote are not supported by a sufficiently weighty state interest and because, as the Court noted in its October 9, 2019 Procedural Order, "If registering to vote does not in effect claim or admit New Hampshire residency, none of the harms alleged by the plaintiffs result." (ECF No. 56).

4. The trial should not be continued past June 8 unless an opinion from the Supreme Court has not been released sufficiently in advance, because time is of the essence in voting rights cases such as these. An election for the office of President of the United States, as well as one seat in the United States Senate, two seats in the House of Representatives, and the entirety of elected state government will be held on November 3, 2020. The burdens placed on voters in the form of chill due to fear of monetary sanctions or prosecution will be impossible to remedy thereafter. Moreover, *Purcell v. Gonzalez*, 549 U.S. 1 (2006), and its progeny counsel moving swiftly to avoid judicial orders too closely to an election because of the potential for confusion such orders could themselves make.

5. The only objection Defendants raise to the trial being scheduled the week of June 8 is counsel's workload, which the Court has already deemed insufficiently weighty to overcome Plaintiffs' need for a swift vindication of their constitutional rights. Up until this point, Plaintiffs' counsel believe that scheduling has been handled more-or-less cooperatively. Plaintiffs gave Defendants multiple extensions on their document production, worked cooperatively in scheduling depositions, and did not hesitate to assent to Defendants' request for a trial continuance in light of the COVID-19 pandemic and the effect it had on state agencies. Plaintiffs' counsel are certainly sympathetic of Defendants' counsels' workload (attorneys from the American Civil Liberties

Union of New Hampshire are themselves involved in some capacity in two of the cases cited, in addition to the rest of their dockets). But all lawyers have multiple cases, and it is not Plaintiffs' fault that the General Court and Attorney General have seen fit to fund and structure the Department of Justice in the way that they have.

   6.  In sum, the Motion to Reconsider, which simply rehashes arguments which have been already raised and rejected, should be denied.

WHEREFORE, Plaintiff respectfully requests that this Court:

   A.  Deny Defendants' Motion to Reconsider; and

   B.  Grant such other and further relief as this Court deems just and proper in the circumstances.

              Respectfully submitted,

              CAROLINE CASEY AND MAGGIE FLAHERTY,

              By and through their attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation and the American Civil Liberties Union Foundation,

              */s/ Henry R. Klementowicz*
              Gilles R. Bissonnette (N.H. Bar No. 265393)
              Henry R. Klementowicz (N.H. Bar No. 21177)
              AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE FOUNDATION
              18 Low Avenue
              Concord, NH  03301
              Tel.:  603.224.5591
              gilles@aclu-nh.org
              henry@aclu-nh.org

              Julie A. Ebenstein, *pro hac vice*
              Theresa J.  Lee, *pro hac vice*
              Dale E. Ho, *pro hac vice*
              AMERICAN CIVIL LIBERTIES UNION FOUNDATION
              Voting Rights Project
              125 Broad Street, 18th Floor
              New York, NY 10004

Tel.: 212.549.2500  
jebenstein@aclu.org  
dho@aclu.org  
tlee@aclu.org

Date:   May 18, 2020

## CERTIFICATE OF SERVICE

The undersigned certifies that he has electronically filed this date the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in the consolidated case. This filing is available for viewing and downloading from the ECF system.

| | |
|---|---|
| Dated:  May 18, 2020 | /s/ Henry R. Klementowicz |
| | Henry R. Klementowicz |