NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

U.S. District Court
No. 2019-0693

CAROLINE CASEY & a.

v.

NEW HAMPSHIRE SECRETARY OF STATE & a.

Argued: March 10, 2020
Opinion Issued: May 20, 2020

American Civil Liberties Union of New Hampshire Foundation, of Concord (Gilles R. Bissonnette and Henry Klementowicz on the joint brief, and Mr. Klementowicz orally), American Civil Liberties Union Foundation, of New York, New York (Julie A. Ebenstein, Theresa J. Lee, and Dale E. Ho on the joint brief), and Shaheen & Gordon, P.A., of Concord (William E. Christie, S. Amy Spencer, and James J. Armillay, Jr. on the joint brief), for the plaintiffs.

Gordon J. MacDonald, attorney general (Anthony J. Galdieri, senior assistant attorney general, Seth M. Zoracki, assistant attorney general, and Samuel R.V. Garland, attorney, on the brief, and Mr. Galdieri orally), and Cleveland, Waters and Bass, P.A., of Concord (Bryan K. Gould and Cooley A. Arroyo on the brief), for the defendants.

PER CURIAM. The United States District Court for the District of New Hampshire (Laplante, J.) certified the following questions of law, see Sup. Ct. R. 34:

[1.] Are the definitions of "resident" and "residence" in RSA § 21:6 and :6-a, as recently amended, effectively the same as the definition of "domicile" as used in RSA § 654:1, such that one with a New Hampshire "domicile" is necessarily a New Hampshire "resident"?

[2.] Is a student who claims a New Hampshire "domicile" pursuant to RSA § 654:I-a necessarily a New Hampshire resident under RSA § 21:6, as recently amended?

[3.] Can an individual with a New Hampshire "domicile" pursuant to RSA § 654:1 ever be an individual "who claims residence in any other state for any purpose" and thus is not a "resident" for the purposes of RSA § 259:88?

[4.] Relatedly, does an individual who claims a New Hampshire "domicile" pursuant to RSA § 654:1, I or I-a necessarily establish "a bona fide residency" for the purposes of RSA §§ 261:45 and 263:35?

[5.] Given the definition of non-resident in RSA § 259:67, I for the Motor Vehicle Code, are college students who reside in New Hampshire for more than six months in any year required to obtain New Hampshire drivers' licenses by RSA § 263:1 if they wish to drive in the state and required by RSA § 261:40 to register in New Hampshire any vehicles they keep in the state?

For the reasons that follow, and with the qualifications set forth below, we answer questions 1, 2, 4, and 5 in the affirmative. We exercise our discretion under Rule 34 to decline to answer question 3 because the answer to that question is not "determinative of the cause then pending in the certifying court." Sup. Ct. R. 34.

## Background

As set forth in the district court's order, the plaintiffs are Caroline Casey, Maggie Flaherty, and the New Hampshire Democratic Party. Casey and Flaherty are Dartmouth College students who wish to vote in New Hampshire while attending college, but who do not intend to remain in New Hampshire after graduation. Both have driver's licenses issued by states other than New Hampshire. In 2018, both registered to vote in New Hampshire. Neither Casey nor Flaherty owns a motor vehicle.

2

The plaintiffs sued the defendants, the New Hampshire Secretary of State and the New Hampshire Attorney General, challenging, under the Federal Constitution, the defendants' interpretation and implementation of the 2018 amendments to RSA 21:6 and :6-a.  See Laws 2018, ch. 370; see also RSA 21:6, :6-a (Supp. 2019).  Those amendments changed the definitions of "resident" and "residence" in RSA 21:6 and :6-a, respectively, so that they no longer applied only to individuals who intended to remain in New Hampshire "for the indefinite future."  See Laws 2018, ch. 370.  Before the 2018 amendments, the statutory definitions of "resident" and "residence" in RSA 21:6 and :6-a, respectively, expressly required an intention to remain in New Hampshire indefinitely, while RSA 654:1, I (2016), which defines an eligible voter, did not contain the same language.  Rather, RSA 654:1, I, requires the manifestation of a "single, continuous presence for domestic, social, and civil purposes relevant to participating in democratic self-government."  The 2018 amendments to RSA 21:6 and :6-a are discussed in detail in Opinion of the Justices (Definition of Resident and Residence), 171 N.H. 128 (2018).  We will not repeat that discussion here.

The plaintiffs allege that the 2018 amendments to RSA 21:6 and :6-a "burden the right to vote and violate the First, Fourteenth, Twenty-Fourth, and Twenty-Sixth Amendments" to the United States Constitution.  According to the federal district court, the plaintiffs claim that the 2018 amendments indirectly make voter registration an effective declaration of residency that triggers the obligation to obtain a New Hampshire driver's license and vehicle registration under the motor vehicle code.  Casey and Flaherty specifically allege that, if they must obtain New Hampshire driver's licenses as a result of having registered to vote here, they will suffer injury.  The New Hampshire Democratic Party alleges that the 2018 amendments to RSA 21:6 and :6-a have harmed it because voters inclined to support its candidates "will incur onerous fees to register to vote or will be too intimidated to register or vote at all." (Quotation omitted.)

Pursuant to Supreme Court Rule 34, this court

may answer questions of law certified to it by . . . a United States district court when requested by the certifying court if there are involved in any proceeding before it questions of law of this State which may be determinative of the cause then pending in the certifying court as to which it appears to the certifying court there is no controlling precedent in the decisions of this court.

According to the district court, "[t]he plaintiffs' constitutional claims are intertwined with several questions of New Hampshire law upon which [it] has found no controlling precedent," and "[r]esolution of these questions may be determinative."  Therefore, the district court is "certifying these necessary questions of New Hampshire law" to us because "answers to these questions

3

could result in one or more interpretations of the [state laws] that do not implicate the federal constitutional right to vote in any way."

## Statutory Interpretation Principles

Responding to the certified questions requires us to engage in statutory interpretation. In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Petition of Carrier, 165 N.H. 719, 721 (2013). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Id. Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id. This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. Id. Absent an ambiguity, we will not look beyond the language of the statute to discern legislative intent. segTEL v. City of Nashua, 170 N.H. 118, 120 (2017).

## Question 1

The first certified question asks whether the definitions of "resident" and "residence" in RSA 21:6 and :6-a, respectively, as amended in 2018, are "effectively the same" as the definition of "domicile" in RSA 654:1 (2016), such that a person with a New Hampshire "domicile" under RSA 654:1 is necessarily a New Hampshire "resident" under RSA 21:6. As explained below, we need not decide whether the definitions are "effectively the same" in order to determine whether a person with a New Hampshire "domicile" under RSA 654:1 is necessarily a "resident" under RSA 21:6. As explained below, we conclude that a person with a New Hampshire "domicile" under RSA 654:1 is necessarily a "resident" under RSA 21:6.

RSA chapter 21 sets forth definitions that apply "[i]n the construction of all statutes . . . , unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute." RSA 21:1 (2012). RSA 21:6, defining "resident" and "inhabitant," provides:

> A resident or inhabitant or both of this state and of any city, town, or other political subdivision of this state shall be a person who is domiciled or has a place of abode or both in this state and in any city, town, or other political subdivision of this state, and who has, through all of his or her actions, demonstrated a current

4

intent to designate that place of abode as his or her principal place of physical presence to the exclusion of all others.

RSA 21:6-a, defining "residence" or "residency," provides:

>     Residence or residency shall mean a person's place of abode or domicile. The place of abode or domicile is that designated by a person as his or her principal place of physical presence to the exclusion of all others. Such residence or residency shall not be interrupted or lost by a temporary absence from it, if there is an intent to return to such residence or residency as the principal place of physical presence.

The plain meaning of the words "domiciled" and "abode" is to dwell or live. See Webster's Third New International Dictionary 671 (unabridged ed. 2002) (defining the word "domicile" as "the place of residence either of an individual or of a family : ABODE"); id. at 4 (defining "abode" as "place where one . . . dwells : HOME"); id. at 1082 (defining "home" as "the house . . . habitually occupied by a family : one's principal place of residence : DOMICILE"). The plain meaning of the word "dwell" is to "LIVE, RESIDE." Id. at 706. The plain meaning of the word "designate" is "to make known directly as if by sign : SIGNIFY, INDICATE." Id. at 612. The plain meaning of the word "principal" is "most important." Id. at 1802. Thus, a person is a New Hampshire "resident" under RSA 21:6 and has a New Hampshire "residence" under RSA 21:6-a if they live in New Hampshire and have indicated through all of their actions that New Hampshire is their "most important" place of physical presence, to the exclusion of all other places in which they may live.

We do not interpret the phrase "to the exclusion of all others" to mean that, to have a New Hampshire "residence" under RSA 21:6-a, the person cannot also live elsewhere. Rather, it means only that there is no other place that the person, through all of their actions, has demonstrated is their "most important" place of physical presence. In other words, although a person may live in more than one place during any year, they can have only one "residence" within the meaning of RSA 21:6-a.

RSA chapter 654 sets out, among other things, eligibility to vote in New Hampshire. See RSA 654:1, :3, :5-:6 (2016), :2 (Supp. 2019). RSA 654:1, I, provides:

>     Every inhabitant of the state, having a single established domicile for voting purposes, being a citizen of the United States, of the age provided for in Article 11 of the Part First of the Constitution of New Hampshire, shall have a right at any meeting or election, to vote in the town, ward, or unincorporated place in which he or she is domiciled. An inhabitant's domicile for voting

purposes is that one place where a person, more than any other place, has established a physical presence and manifests an intent to maintain a single, continuous presence for domestic, social, and civil purposes relevant to participating in democratic self-government. A person has the right to change domicile at any time, however a mere intention to change domicile in the future does not, of itself, terminate an established domicile before the person actually moves.

RSA 654:2, I (Supp. 2019) provides, in pertinent part, that "[a] domicile for voting purposes" once acquired in New Hampshire "shall not be interrupted or lost by a temporary absence therefrom with the intention of returning thereto as his or her domicile." It also provides that "[a] voter can have only one domicile for voting purposes." RSA 654:2, I.

Thus, a person has a New Hampshire "domicile" under RSA 654:1, I, when they live here and have manifested their intent to maintain their "single, continuous presence" in New Hampshire "for domestic, social, and civil purposes relevant to participating in democratic self-government." RSA 654:1, I. There can be only one "domicile" under RSA 654:1, I. RSA 654:2, I.

The statutory definition of "domicile" in RSA 654:1, I, is consistent with the common law of domicile. To establish a domicile under the common law, two things are necessary — physical presence and intent to make the place one's home. See Concord v. Rumney, 45 N.H. 423, 427 (1864); Leach v. Pillsbury & Trustee, 15 N.H. 137, 138 (1844). In order to acquire a domicile under the common law, a person must intend to reside in a place "for a more or less definite time and mak[e] it his home." Kerby v. Charlestown, 78 N.H. 301, 303 (1916). Further, under the common law, one cannot lose one's domicile until "a new one is clearly established." Blount v. Boston, 718 A.2d 1111, 1117 (Md. 1998). Thus, a temporary absence from a domicile, once acquired, does not result in a change of domicile. See Atherton v. Thornton, 8 N.H. 178, 180 (1835).

RSA 654:1, I, like common law domicile, requires physical presence and the intent to make one's place of physical presence one's home (that "one place where a person, more than any other place, has established a physical presence and manifests an intent to maintain a single, continuous presence for domestic, social, and civil purposes relevant to participating in democratic self-government"). Additionally, as under the common law, a person may change domicile "at any time," but the "mere intention" to do so in the future "does not, of itself, terminate an established domicile before the person actually moves." RSA 654:1, I.

The defendants imply that the common law of domicile was ruled unconstitutional in Newburger v. Peterson, 344 F. Supp. 559 (D.N.H. 1972),

6

superseded by statute as stated in Opinion of the Justices (Definition of Resident and Residence), 171 N.H. at 138. Newburger was a class action suit brought by a Dartmouth College student on behalf of "all voting age students who wish to register in the communities where they reside while attending school but who intend to leave those communities upon graduation." Newburger, 344 F. Supp. at 560. When the student attempted to register to vote, he was denied "solely because he stated to voter registration officials that he intended to leave Hanover upon his graduation." Id. The federal district court ruled that "the indefinite intention requirement is [not] necessary to serve a compelling [state] interest," and, therefore, that its application to the class "offends the equal protection clause of the Fourteenth Amendment." Id. at 563.

We do not share the defendants' view of Newburger. The federal district court in Newburger ruled that the practice of Hanover town officials of disqualifying students from voting merely because they had "a firm intention of leaving that town at a fixed time in the future" violated the Federal Constitution. Id. at 560; see State v. Daniels, 44 N.H. 383, 386 (1862). However, the common law "indefinite intention to remain" requirement was never intended to be applied so literally. See Dist. of Columbia v. Murphy, 314 U.S. 441, 451 n.2 (1941) ("Of course it cannot be known without the gift of prophecy whether a given abode is 'permanent' in the strictest sense."); see also Restatement (Second) of Conflict of Laws § 18 cmt. c at 71 (1971) (explaining that expressions such as "one must intend to reside indefinitely in the place . . . should not be taken literally"). Accordingly, in our view, New Hampshire's common law of domicile was not intended to literally require "permanent or indefinite intention to stay in one place." Newburger, 344 F. Supp. at 563. Rather, "[t]he required state of mind" is the intent "to remain in the place for a time at least," and, thus, "[i]t is possible for a person to have the proper attitude of mind even though he does intend to move at a definite time." Restatement (Second) of Conflict of Laws, supra § 18 cmt. b at 70; see Newburger, 344 F. Supp. at 563 (explaining that for purposes of establishing a domicile, a person need not "say that he will always—or indefinitely—live in a particular town").

The defendants argue that the definitions of "resident" and "residence" under RSA 21:6 and :6-a, on the one hand, and "domicile" under RSA 654:1, I, on the other hand, convey the same basic concepts. The plaintiffs disagree. However, the definitions need not be functionally equivalent in order for us to conclude that a person with a New Hampshire "domicile" under RSA 654:1, I, is, necessarily, a New Hampshire "resident" under RSA 21:6. An individual who is eligible to vote in a particular New Hampshire town because they satisfy the definition of "domicile" in RSA 654:1, I, will necessarily also satisfy the definition of "resident" in RSA 21:6. By establishing a physical presence in that New Hampshire town that is more than their physical presence in any other place for domestic, social, and civil purposes related to participating in democratic self-government, see RSA 654:1, I, that individual will also have

7

demonstrated that the town is their most important or principal place of physical presence to the exclusion of all other places, see RSA 21:6, :6-a. Therefore, regardless of whether the definitions of "resident" and "residence" in RSA 21:6 and :6-a are "effectively the same" as the definition of "domicile" set forth in RSA 654:1, a person who has a New Hampshire "domicile" under RSA 654:1 is necessarily a New Hampshire resident under RSA 21:6.

In arguing for a contrary conclusion, the plaintiffs assert that "[t]hough for many people, residence under RSA 21:6 and :6-a and 'domicile for voting purposes' under RSA 654:1 will be the same place, it is not necessarily so." They contend:

> Being a "resident" under RSA 21:6 requires the designation of the place of abode "to the exclusion of all others," while "domicile for voting purposes" under RSA 654:1 contemplates a continuous presence for only certain purposes—["]domestic, social, and civil purposes relevant to participating in democratic self-government." This statutory definition of resident entails an exclusive place of abode, whereas the definition of "domicile for voting purposes" contemplates that individuals are able to have multiple domiciles for different purposes.

The plaintiffs provide no examples of individuals who have a New Hampshire domicile under RSA 654:1, I, but are not New Hampshire residents with a New Hampshire residence within the meaning of RSA 21:6 and :6-a. Nor are we able to envision any such example. Instead, the plaintiffs rely upon a canon of statutory construction that "where the enacting body uses two different words, it generally means two different things." City of Concord v. State, 164 N.H. 130, 141 (2012) (quotation omitted). Although that maxim may generally be true, it is legislative intent, rather than "arbitrary canons of statutory construction," that controls. Chagnon v. Union-Leader Co., 104 N.H. 472, 474 (1963), superseded on other grounds by statute as stated in Hanchett v. Brezner Tanning Co., 107 N.H. 236, 241 (1966).

The legislative history of the 2018 amendments to RSA 21:6 and :6-a demonstrates the legislature's intent that individuals satisfying the statutory definition of "domicile" in RSA 654:1, I, also satisfy the statutory definitions of "resident" and "residence" in RSA 21:6 and :6-a. See Laws 2018, ch. 370. The 2018 amendments to RSA 21:6 and :6-a , which eliminated the phrase "for the indefinite future" from both statutes, had their genesis in House Bill (HB) 1264. See id. According to a majority of the New Hampshire House of Representatives Election Law Committee, the purpose of HB 1264 was to ensure that a person who has a "domicile" under RSA 654:1, I, "will be considered a resident" under RSA 21:6. N.H.H.R. Election Law Comm., Majority Committee Report on HB 1264 (February 28, 2018), available at

demonstrated that the town is their most important or principal place of physical presence to the exclusion of all other places, see RSA 21:6, :6-a. Therefore, regardless of whether the definitions of "resident" and "residence" in RSA 21:6 and :6-a are "effectively the same" as the definition of "domicile" set forth in RSA 654:1, a person who has a New Hampshire "domicile" under RSA 654:1 is necessarily a New Hampshire resident under RSA 21:6.

In arguing for a contrary conclusion, the plaintiffs assert that "[t]hough for many people, residence under RSA 21:6 and :6-a and 'domicile for voting purposes' under RSA 654:1 will be the same place, it is not necessarily so." They contend:

> Being a "resident" under RSA 21:6 requires the designation of the place of abode "to the exclusion of all others," while "domicile for voting purposes" under RSA 654:1 contemplates a continuous presence for only certain purposes—["]domestic, social, and civil purposes relevant to participating in democratic self-government." This statutory definition of resident entails an exclusive place of abode, whereas the definition of "domicile for voting purposes" contemplates that individuals are able to have multiple domiciles for different purposes.

The plaintiffs provide no examples of individuals who have a New Hampshire domicile under RSA 654:1, I, but are not New Hampshire residents with a New Hampshire residence within the meaning of RSA 21:6 and :6-a. Nor are we able to envision any such example. Instead, the plaintiffs rely upon a canon of statutory construction that "where the enacting body uses two different words, it generally means two different things." City of Concord v. State, 164 N.H. 130, 141 (2012) (quotation omitted). Although that maxim may generally be true, it is legislative intent, rather than "arbitrary canons of statutory construction," that controls. Chagnon v. Union-Leader Co., 104 N.H. 472, 474 (1963), superseded on other grounds by statute as stated in Hanchett v. Brezner Tanning Co., 107 N.H. 236, 241 (1966).

The legislative history of the 2018 amendments to RSA 21:6 and :6-a demonstrates the legislature's intent that individuals satisfying the statutory definition of "domicile" in RSA 654:1, I, also satisfy the statutory definitions of "resident" and "residence" in RSA 21:6 and :6-a. See Laws 2018, ch. 370. The 2018 amendments to RSA 21:6 and :6-a , which eliminated the phrase "for the indefinite future" from both statutes, had their genesis in House Bill (HB) 1264. See id. According to a majority of the New Hampshire House of Representatives Election Law Committee, the purpose of HB 1264 was to ensure that a person who has a "domicile" under RSA 654:1, I, "will be considered a resident" under RSA 21:6. N.H.H.R. Election Law Comm., Majority Committee Report on HB 1264 (February 28, 2018), available at

http://gencourt.state.nh.us/SofS_Archives/2018/house/HB1264H.pdf (last visited May 19, 2020).

### Question 2

The second certified question asks whether a student who claims a New Hampshire "domicile" pursuant to RSA 654:1, I-a is "necessarily a New Hampshire resident" under RSA 21:6. We answer this question in the affirmative for the same reasons as we answered the first certified question in the affirmative.

RSA 654:1, I-a provides that a student "may lawfully claim domicile for voting purposes in the New Hampshire town or city in which he or she lives while attending [school] if such student's claim of domicile otherwise meets the requirements of RSA 654:1, I." As discussed in our answer to question 1, pursuant to the plain language of the statutory definition of "resident" in RSA 21:6 and the plain language of the statutory definition of "domicile" in RSA 654:1, I, a person with a New Hampshire "domicile" under RSA 654:1, I, is necessarily a New Hampshire "resident." Thus, for the reasons set forth in our answer to question 1, a student who claims a New Hampshire "domicile" pursuant to RSA 654:1, I, is necessarily a New Hampshire "resident" under RSA 21:6.

### Question 3

The third certified question asks whether an individual with a New Hampshire "domicile" pursuant to RSA 654:1 can "ever be an individual 'who claims residence in any other state for any purpose' and thus is not a 'resident' for the purposes of" RSA 259:88 (2014). We exercise our discretion under Rule 34 to decline to answer question 3 because the answer is not determinative of the plaintiffs' causes of action pending in the federal district court. See Sup. Ct. R. 34.

At the outset, we observe that the election laws do not establish motor vehicle or driving privileges and obligations, nor do the motor vehicle laws establish voting eligibility. Pursuant to RSA 654:1, I, a person is an eligible voter in this state if they live in New Hampshire and have manifested the requisite intent. RSA 259:88 provides that, for purposes of construing the motor vehicle code, the term "'resident' shall mean a resident of the state as defined in RSA 21:6, except that no person shall be deemed to be a resident who claims residence in any other state for any purpose." In turn, RSA 21:6 defines a "resident" as a person who lives in New Hampshire and has indicated through all of their actions that New Hampshire is their "most important" place of physical presence, to the exclusion of all other places in which they may live.

9

We have reviewed the parties' thorough briefing of question 3, and can well understand why the federal district court certified it, but our review of question 4 reveals that whether an individual with a New Hampshire "domicile" under RSA 654:1, I, is or is not a "resident" for the purposes of RSA 259:88 is not determinative of the plaintiffs' claims. The plaintiffs' voting rights claims concern the potential burden allegedly imposed by having to obtain a New Hampshire driver's license and motor vehicle registration <u>as a result of registering to vote here</u>. The answer to question 3 is not determinative of those claims because, as explained below: (1) RSA 263:35 (2014) requires a nonresident driver who holds a valid driver's license from another jurisdiction to obtain a New Hampshire driver's license within 60 days of establishing a "bona fide residency" here; (2) RSA 261:45 (Supp. 2019) requires a nonresident to register their motor vehicle here within 60 days of establishing a "bona fide residency" here; and (3) an individual with a New Hampshire "domicile" pursuant to RSA 654:1, I, necessarily has established a "bona fide residency" here. Therefore, because our answer to question 3 is not determinative of the plaintiffs' claims, we exercise our discretion under Rule 34 to decline to answer it.

### Remaining Questions

Before explaining our answers to questions 4 and 5, we review the pertinent statutes governing the obligations to obtain a New Hampshire driver's license and New Hampshire motor vehicle registration. For the purposes of our interpretation of the motor vehicle code and answering the certified questions related to it, we assume that the individuals in question are drivers and owners as defined by RSA 259:25 (2014) and RSA 259:72, I (Supp. 2019), respectively.

### Relevant New Hampshire Driver's License Statutes

We begin by discussing the statutes relevant to the obligation to obtain a New Hampshire driver's license. RSA 263:1, I, provides that "[n]o person . . . shall drive any motor vehicle upon any way in this state unless such person has a valid driver's license." RSA 263:1, I (Supp. 2019). RSA 263:35 provides:

> [A]ny nonresident driver of a motor vehicle who holds a valid driver's license in another jurisdiction, upon the <u>establishment of a bona fide residency in this state</u>, shall have a maximum of 60 days from the date his residency was established to obtain a driver's license issued by the state of New Hampshire.

RSA 263:35 (emphasis added). In addition, the motor vehicle laws permit a nonresident driver who holds a license to drive in the state, district, or country in which he or she resides to drive here without being required "to obtain a license to drive such vehicle within this state." RSA 263:36 (2014); see RSA 263:38 (2014) (a "nonresident driver of a motor vehicle, who is the holder of a

10

license to drive a motor vehicle in the state . . . in which he resides, shall not be required to obtain a license to drive any pleasure vehicle within this state, provided he does not receive pay for such driving"). However, RSA 263:37 provides that

> [w]henever a motor vehicle of a nonresident may be driven on the ways of this state, <u>without registration</u> [in New Hampshire], . . . such vehicle may be driven by its owner . . . without a license [issued by this state] if the driver is duly licensed under the laws of the state, district, or country in which the motor vehicle is registered, or has complied fully with the laws of the state where said motor vehicle is registered respecting the licensing of motor vehicle drivers; provided, that said state, district, or country grants like privileges to residents of this state.

RSA 263:37 (2014) (emphasis added).

To understand what is meant by "nonresident," we look to RSA 259:67, I (2014), which defines a "nonresident" as "any person whose legal residence is in some state, district or country other than New Hampshire." To the extent that the plaintiffs contend that the definition of "nonresident" contained in RSA 259:67, I, applies only to the obligation to obtain a New Hampshire motor vehicle registration, we disagree. See RSA 259:1 (2014) (providing that the "words and phrases" when used in the motor vehicle code "shall . . . have the meanings . . . ascribed to them" in RSA chapter 259 "except where the context otherwise requires"). Thus, under the pertinent statutes, an individual who is a nonresident must obtain a New Hampshire driver's license either: (1) within 60 days of establishing a "bona fide residency" in New Hampshire, RSA 263:35; or (2) whenever they are no longer permitted to drive their motor vehicle here without registering it here, see RSA 263:1, I, :37.

### Relevant Motor Vehicle Registration Statutes

As to the obligation to register one's vehicle, RSA 261:40 provides that "it is a violation for any person to drive or any owner or custodian to knowingly permit or cause to be driven on the ways of this state any vehicle which is not specifically exempt by statute or rule from the requirement of registration." RSA 261:40 (2014). RSA 261:44 exempts from the registration requirement vehicles owned by nonresidents and "duly registered for the current year in the state, district or country of which the owner is a resident," provided that the other state, district or country "grants similar privileges" to New Hampshire residents. RSA 261:44 (2014). RSA 261:45 provides that "when a nonresident has <u>established a bona fide residency in this state</u>, said resident shall have a maximum of 60 days from the date of his or her residency in which to register his or her vehicle or vehicles in New Hampshire." RSA 261:45, I (emphasis added). In addition, under RSA 259:67, I, a person who, otherwise, is a

"nonresident," is deemed to be a "resident" for the purposes of registering a motor vehicle if they have "a regular abode" in New Hampshire "for more than 6 months in any year," and the vehicle is "principally used in connection with [that] abode." As previously discussed, the plain meaning of the word "abode" is a "place where one . . . dwells." Webster's Third New International Dictionary, supra at 4.

Pursuant to these statutes, an individual who is a nonresident of New Hampshire must register their vehicle in New Hampshire either (1) within 60 days of establishing a "bona fide residency" here, RSA 261:45 or (2) when they have had a "regular abode" here "for more than 6 months in any year," and they principally use the vehicle in connection with their New Hampshire abode, RSA 259:67, I.[1]

### "Bona Fide Residency"

Under RSA 263:35 the obligation of an individual who is a nonresident to obtain a New Hampshire driver's license turns upon whether that individual has a "bona fide residency" here. Similarly, under RSA 261:45, the obligation of an individual who is a nonresident to register their motor vehicle here turns upon whether that individual has a "bona fide residency" in New Hampshire.

The term "bona fide residency" is not defined in the motor vehicle code. We, therefore, look to the definition of "residency" in RSA 21:6-a. See RSA 21:1. As previously discussed, the terms "residence" or "residency" are defined in RSA 21:6-a to mean "a person's place of abode or domicile," which is "that designated by a person as his or her principal place of physical presence to the exclusion of all others."[2] Also as previously discussed, under the plain meaning of this definition, a person has a New Hampshire "residence" or "residency" under RSA 21:6-a if they live in New Hampshire and have indicated

---

[1] The plaintiffs disagree that living in New Hampshire for more than 6 months in any year can ever obligate a nonresident to register their motor vehicle here. They argue "RSA 259:67 . . . cannot require all nonresidents who spend [more than] six months in any year [in New Hampshire] to get New Hampshire vehicle registrations" because that requirement conflicts "with RSA 259:88[']s mandate that 'no person shall be deemed to be a resident' who claims residence in another state for any other purpose." The plaintiffs argue that because the two statutes cannot be reconciled, RSA 259:88 controls as it is the later-enacted statute. However, to the extent that there is any conflict between the two statutes, RSA 259:67, I, controls because it more specifically addresses motor vehicle registration, while RSA 259:88 is of general applicability. See EnergyNorth Natural Gas v. City of Concord, 164 N.H. 14, 16 (2012) ("To the extent two statutes conflict, the more specific statute controls over the general statute."); Lopez v. Sony Electronics, Inc., 420 P.3d 767, 772 (Cal. 2018) ("The rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence." (quotation and brackets omitted)).

[2] Although the plaintiffs urge that we look to RSA 259:88 for the meaning of "bona fide residency," we decline to do so. RSA 259:88 defines "resident" for the purposes of the motor vehicle code; it does not define the term "residency."

through all of their actions that New Hampshire is their "most important" place of physical presence, to the exclusion of all other places in which they may live. The plain meaning of the phrase "bona fide" is "made in good faith without fraud or deceit." Webster's Third New International Dictionary, supra at 250.

Accordingly, pursuant to the motor vehicle code, within 60 days of establishing a "bona fide residency" in New Hampshire — meaning that the individual, in good faith, has indicated through all of their actions that New Hampshire is their "most important" place of physical presence, to the exclusion of all other places in which they may live — the individual who previously was a nonresident of New Hampshire is required by RSA 263:35 to obtain a New Hampshire driver's license and by RSA 261:45 to register their vehicle here.

The motor vehicle code as it relates to vehicle registrations also contains a durational residency component. Under RSA 259:67, I, once a person has a regular abode in New Hampshire for more than 6 months in any year, they are deemed a "resident as to all vehicles principally used in connection with" their New Hampshire abode, and must register those vehicles here. Once such a vehicle is no longer authorized to be driven on the ways of this state without a New Hampshire registration, the owner must also obtain a New Hampshire driver's license. See RSA 263:1, :35, :37. With this understanding of the pertinent statutes, we now answer questions 4 and 5.

### Question 4

Question 4 asks whether a person who claims a New Hampshire "domicile" under RSA 654:1, I, or I-a has necessarily established a "bona fide residency" here for the purposes of RSA 261:45 and RSA 263:35. We answer this question in the affirmative, for the same reasons as we answered the first and second certified questions in the affirmative. As previously explained, the phrase "bona fide residency" as used in RSA 261:45 and RSA 263:35 incorporates the definition of "residency" contained in RSA 21:6-a. Also as previously explained, a person with a "domicile" under RSA 654:1, I, or I-a, necessarily has a New Hampshire "residence" under RSA 21:6-a. Therefore, a person who has a New Hampshire "domicile" under RSA 654:1, I, or I-a, necessarily has a "bona fide residency" in New Hampshire for the purposes of RSA 261:45 and RSA 263:35.

### Question 5

The fifth certified question asks whether, "[g]iven the definition of non-resident in RSA § 259:67, I . . . , college students who reside in New Hampshire for more than six months in any year [are] required to obtain New Hampshire drivers' licenses by RSA § 263:1 if they wish to drive in the state and required

by RSA § 261:40 to register in New Hampshire any vehicles they keep in the state." We answer question 5 in the affirmative.

As previously discussed, any nonresident living in New Hampshire for more than six months in any year must register any of their motor vehicles that are principally used in connection with their New Hampshire abode. See RSA 259:67, I. Once a nonresident is no longer authorized to drive their vehicle in New Hampshire without a New Hampshire registration, they must obtain a New Hampshire driver's license. See RSA 263;1, :35, :37. Thus, nonresident college students who wish to drive in New Hampshire, reside in New Hampshire for more than six months in any year, and whose vehicles are principally used in connection with their New Hampshire abode must (1) register those vehicles in New Hampshire and (2) obtain a New Hampshire driver's license.

Remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; BROWN, J., retired superior court justice, specially assigned under RSA 490:3, concurred.